FILED
HARRISBURG, PA
JUL - 8 2013
MARY E. D'ANDREA
Per _____
_____ CLERK

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. ▓▓▓▓▓ |
| | : | |
| Plaintiff | : | Assigned by Designation |
| | : | Hon. Timothy J. Savage |
| v. | : | (1:13-cv-01531-TJS) |
| | : | |
| YVETTE KANE | : | |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMAND

Plaintiff Stephen G. Conklin, pursuant to M.D. Pa. LR 7.5, submits this brief in support of Plaintiff's Motion for Remand.

### I. Procedural History

This case is based solely upon Plaintiff's commencement of an action against Defendant, via praecipe for writ of summons, as filed with the Prothonotary of the Court of Common Pleas of Dauphin County, Pennsylvania on or about April 4, 2013. The Prothonotary promptly docketed Plaintiff's Writ of Summons under 2013-CV-2962-CV.

On or about May 10, 2013, Plaintiff filed for a re-issuance of the foregoing summons and thereafter, promptly delivered unto the Sheriff of Dauphin County for purpose of perfecting service upon Defendant. Thereafter, as dated May 24, 2013, a return of service was issued by the Dauphin County Sheriff's office.

1

On or about June 7, 2013 a Notice of Removal was filed electronically with this Court, by Mark E. Morrison, as Assistant U.S. Attorney of the Office of the United States Attorney on behalf of Defendant, UNITED STATES OF AMERICA. Presumably concurrent, a Notice of Filing Notice of Removal was sent, via U.S. Mail, with brief cover letter by Christina Garber, as legal assistant for Peter J. Smith (U.S. Attorney) addressed to the Prothonotary of Dauphin County. An additional copy was provided, seeking to be date-stamped and returned via enclosed envelope.

A review of the docket entries for Dauphin County indicate that the Notice of Filing Notice of Removal was received/docketed on June 11, 2013[1]; and, the record sent to this Court on June 12, 2013.

On or about June 14, 2013 Chief Judge Theodore A. McKee, of the Third Circuit Court of Appeals signed a Designation of District Judge for Service in Another District Within the Circuit. The foregoing designation was assigned unto District Judge Timothy J. Savage of the Eastern District Court of Pennsylvania, under 28 U.S.C. § 292(b), Chief Judge McKee stating, [having] "satisfied myself that it is in the public interest to do so."

---

[1] See Pa. R.Civ.P. 205.1 Filing Legal Papers. Mailing. Stating in pertinent part that: Any legal paper, not requiring the signature of, or action by a judge, may be ..mailed. ...A paper sent by mail **shall not be deemed filed** until received by the appropriate officer. (emphasis added)

2

## II. <u>Questions Presented</u>

    a. Does this Court have jurisdiction to entertain Defendant's Motion for Removal?

        Suggested Answer:    NO

    b. Is Plaintiff Entitled to Costs Associated with Responding to Defendant's Removal?

        Suggested Answer:    YES

### III. <u>Argument</u>

#### a. This Court Does Not Have Jurisdiction For Removal

The matter before this Court and Plaintiff's cause for remand, is undeniably simple and easy to reach: This Court does not have Jurisdiction to entertain Defendant's Removal to this Court, as Defendant's Removal is based <u>solely</u> on Plaintiff's State Court issued Writ of Summons.

Defendant both admits and submits that the only document for this Court to examine for purposes of determining whether removal is proper, is predicated squarely on Plaintiff's writ of summons (removal ¶1) as, "To date, Plaintiff has not served a complaint upon Defendant." (¶ 3)

Defendant's entire [statutory] legal basis for their notice of removal is premised exclusively upon 28 U.S.C. § 1441(¶ 2); effectuated procedurally under 28 U.S.C. § 1446.(introductory)

For reasons more fully set forth below, Defendant's Notice of Removal must fail as a matter of law, and this Court must remand this matter back to State Court.

28 U.S.C. § 1441 states in pertinent part that:

> (a) Generally.— Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (See Defendant's Notice of Removal, ¶ 2)

As discussed in *Cardello v. CRC Industries, Inc.*, 432 F. Supp. 2d 555 (Dist. Court, WD Pa. 2006) "Under the removal statute, 28 U.S.C. § 1441[a].....a defendant's power to remove a state court action to federal court turns on whether plaintiff's claim arises under federal law within the meaning of 28 U.S.C. § 1331. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 nn. 5,6, 107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987) Moreover, for removal, the federal question must appear on the face of the complaint unaided by the answer or petition for removal. See *Gully v. First Nat'l Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed 70 (1936) If it does not appear there, 'no statement in the petition for removal...can supply that want.' *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 464, 14 S.Ct. 654, 38 L.Ed. 511 (1894)" *Id* at 557.

Here, no amount of spin by Defendant can empower removal where there exists absolutely no claim upon which to turn.

28 U.S.C. § 1446, ("Procedure for Removal"), states in relevant part(s) that:

(a)     A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of **removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal**, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. (emphasis added)

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the **initial pleading setting forth the claim for relief upon which such action or proceeding is based**, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of **a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. (emphasis added)

Defendant's Notice of Removal, fails *inter alia* to: (1) provide a <u>short and plain statement</u> that embodies any legitimate <u>grounds for removal</u>; (2) provide any details of an initial "pleading" <u>setting forth the claim for relief upon which such action or proceeding is based</u>; and (3) alternatively, provide any details of an amended "pleading", motion, order or other paper <u>from which it may first ascertain that the case is one which is removable</u>.

Defendant cannot meet any of the above requirements, as Plaintiff's praecipe/writ of summons [upon which Defendant must exclusively rely] on its face is undeniably "bareboned"; for, it presents no claim(s), or cause of action - not even a scintilla of evidence as to serve as a basis for removal; nor, does it even hint where it <u>may first be ascertained</u>, that the case [sub judice] is one that is removable.

Defendant cannot provide for any of the above requisites, as such simply does not exist.

As clearly noted/relied upon by Defendant in ¶ 1 of their notice, <u>only</u> a writ of summons as to "commence action" was filed by Plaintiff. Under Pennsylvania law, it is/was totally within Plaintiff's province to commence an action against Defendant by way of praecipe/writ of summons.[2]

Obviously, Plaintiff chose to commence action via a writ of summons - clearly allowed under Pennsylvania law; however, for purposes of § 1446(b), (initial/amended pleading(s)) in no wise [under Pennsylvania law] is a Writ of Summons considered a pleading.[3]

Far more importantly however, is the fact that Plaintiff's praecipe/writ of summons is facially "bareboned" - it provides absolutely nothing to serve as a basis for removal. It matters not what Defendant "thinks" it is about, *i.e.*, Plaintiff's summons – it only matters what the document(s) say(s).

---

[2] Pursuant to Pennsylvania Rules of Civil Procedure 1007 (Pa.R.Civ.P. 1007), entitled, Commencement of Action, states that: An action may be commenced by filing with the prothontary: (1) a praecipe for writ of summons, or (2) a complaint.
[3] Pa.R.Civ.P 1017 entitled Pleadings Allowed, states in pertinent parts that: (a) Except as provided by Rule 1041.1 [Professional liability claims] the pleadings in an action are limited to (1) a complaint and answer thereto; a reply if the answer contains new matter, a counterclaim or cross-claim; a counter reply if the reply to a counterclaim or cross-claim contains new matter; and, a preliminary objection and a response thereto.

In *Rowe v. Marder*, <u>750 F. Supp. 718 (Dist. Court WD Pa. 1990)</u> *Rowe* similarly-faced a "barebones" praecipe/summons, stating, "This court believes…by terms of the statute, the issue is not what the defendant knew, but what the relevant document said." Stating further that, "..time begins to run upon 'receipt by the defendant…of a copy of the initial pleading <u>setting forth the claim for relief</u>'" The *Rowe* Court concluding that, "<u>The statute focuses on what the document 'set[] forth' rather than on what a defendant actually learned from its receipt.</u>'" *Id* at 721. (emphasis added)

After acknowledging years of conflicting decisions by various District Court's within the circuit, the Third Circuit in *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, <u>986 F 2d 48 (3d Cir. -1993)</u> finally addressed the issue, thoroughly embracing *Rowe*, finding that " We find the view expressed in *Rowe* to be insightful and practical."[4] Id at 53.

*Foster* then goes on, definitely making it clear that, "Thus, the relevant test [for purposes of § 1446(b)] is not what the defendants purportedly knew, but what these documents said." Id at 54.

---

[4] *Nedzwecky v. Playtex, Inc.*, 1991 WL 7306, 1991 U.S.Dist. LEXIS 697 (E.D.Pa. Jan. 22, 1991), and *Flamer v. Trump's Castle Assocs.*, 1989 WL 41404, 1989 U.S.Dist. LEXIS 4212 (E.D.Pa. Apr. 21, 1989). In both cases, the judges confined their analysis to the information provided by the praecipe and writ of summons. In neither case did they find sufficient information provided to trigger § 1446(b). *Foster* supra at 53.

Defendant is attempting to contravene proper procedure, by precipitously invoking the power of this Court, absent any claim or cause, presented by Plaintiff as a basis for removal. This simply Defendant cannot do. "…under the present statutory scheme as it has existed since 1887, a defendant **may not remove** a case to federal court **unless the plaintiff's complaint** establishes that the case "arises under" federal law." *Franchise Tax Bd. Of Cal. V. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1(1983) (emphasis added) Clearly, there is no complaint to serve as a basis for removal.

"[A]right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian,* 299 U. S. 109, 112 (1936). *Franchise* at 10-11 (emphasis added) Again, there is no cause of action presented in Plaintiff's summons, only that an action has been commenced – nothing more.

That being said, in order to dispel any doubt of what Plaintiff's summons is about, and whether, following remand, a subsequent notice of removal hereafter "if" it "may" then be appropriate, Defendant's remedy is found in Third Circuit's opinion in *Foster*, at Fn 6:

9

"…While parties may indeed wish to know the subject matter of the suit before making a decision as to whether to remove it, they may resolve this by filing [in state court] a motion to compel filing of the complaint."

Clearly, the proper procedure as suggested by *Foster* supra, is for this Court to remand, as to allow the Defendant to go into state court and compel Plaintiff to file a complaint. Had Defendant simply done what was procedurally proper to do, it would have proven in the best interests of both parties as well as to the judicial economy of the Court.

Accordingly, remand is warranted. Defendant should be advised that they should first seek proper remedy in the state court prior to seeking (if afforded) redress herein.

### b. Plaintiff is entitled to costs associated with this action.

Plaintiff is entitled to costs associated with defending against Defendant's unwarranted [by law] Removal. Defendant is presumably schooled in law, and thus, clearly knew or should have known, as based solely on Plaintiff's summons, that there exists absolutely no basis whatsoever for Removal.

Moreover, the Assistant U.S. Attorney, Mark E. Morrison, signed and thus certified, subject to Fed.R.Civ.P. 11.

Plaintiff has been prejudiced by Defendant's unlawful removal, and has incurred costs associated with Defendant's action, in excess of the amount of Five hundred ($500.00) dollars; the latter amount, acceptable to Plaintiff. Plaintiff's costs are both reasonable and authorized by existing law and can, upon request, be evidenced by receipt.

Therefore, Plaintiff submits, he is fully entitled to reasonable costs associated with defending against Defendant's removal. Plaintiff respectfully requests that he be compensated accordingly.

### IV. **Conclusion**

In light of the foregoing, it is abundantly clear that Defendant's removal action is unwarranted by law and this Court should remand this matter back to state court. Plaintiff respectfully requests that this Court forthwith remand this matter back to state court, and provide Plaintiff, all means and manner of relief, including, but not limited to, reasonable compensation for costs incurred in defending against Defendant's actions, and for any and all additional relief that this Court may deem just and proper.

Respectfully Submitted,

_____
Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. ▓▓▓▓▓▓ |
| | : | |
| Plaintiff | : | Assigned by Designation |
| | : | Hon. Timothy J. Savage |
| v. | : | (1:13-cv-01531-TJS) |
| | : | |
| YVETTE KANE | : | |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 8th day of July, 2013, that I caused to be served, a true and correct copy of my Brief in Support of Motion for Remand, by First Class, U.S. Mail, postage pre-paid, on the following:

Mark E. Morrison, Asst. U.S. Atty.
c/o U.S. Attorneys Office
28 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pa. 17108-1754

_____
Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214