UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | No. 1:13-CV-01531 |
| Plaintiff | : | |
| | : | (Judge Savage) |
| v. | : | |
| | : | (Electronically Filed) |
| YVETTE KANE | : | |
| Defendant | : | |

**DEFENDANT'S BRIEF IN RESPONSE TO MOTION FOR REMAND**

Defendant Yvette Kane, Chief Judge of the United States District Court for the Middle District of Pennsylvania, submits this brief in response to Plaintiff Stephen Conklin's motion for remand of an action commenced in the Court of Common Pleas of Dauphin County, Pennsylvania and removed to the United States District Court for the Middle District of Pennsylvania and states the following:

**Counterstatement of Facts**

Plaintiff Stephen Conklin (Conklin) filed an action against the Honorable Yvette Kane (Chief Judge Kane) in the Court of Common Pleas for Dauphin County docketed to number 2013 – CV – 2962 on April 4, 2013. The Dauphin County Sheriff filed a return of service on May 24, 2013. Notice of removal of the Dauphin County action was filed on June 7, 2013.

To date, Conklin has neither filed nor served upon Chief Judge Kane a complaint in this action.

Conklin filed a motion for remand and, contemporaneously, a supporting brief on July 8, 2013.[1]  This responsive brief follows.

### Counter-Statement of Question Presented

Was this action filed against defendant Chief Judge Kane in state court properly removed to federal district court?

### Argument

**THIS ACTION WAS PROPERLY REMOVED FROM STATE COURT TO FEDERAL DISTRICT COURT.**

Section 1441 of title 28 U.S.C. provides the general basis for removal of civil actions.  In particular, section 1441(a) provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Section 1442 of title 28 U.S.C. provides the particular basis for removal of civil actions against federal officers or agencies.  28 U.S.C. § 1442.  Section 1442(a)(3), provides that an officer of the courts of the United States may remove an action that is <u>commenced</u> in state court.  <u>Id.</u> (emphasis added).

---

[1] Middle District of Pennsylvania Local Rule 7.1 requires that concurrence be sought in motions filed.  Herein, Conklin failed to seek concurrence.

Conklin erroneously argues that this Court must apply a strict standard in favor of remand. This strict standard has been applied when the Court is presented with removal petitions turning on general federal question jurisdiction that arises in state action removals under section 1441 (as in Gully v. First Nat'l Bank, 299 U.S. 109 (1936), Caterpillar Inc. v. Williams, 482 U.S. 386 (1987), or Tennessee v. Union &Planters' Bank, 152 U.S. 454 (1894); which are cited in Conklin's brief).

Unlike other removal statutes that the Court must construe strictly in favor of remand, the federal officer removal statute must be construed broadly in order to effectuate Congressional intent that federal officers have access to a federal forum. See Willingham v. Morgan, 395 U.S. 402, 406-07 (1969); see also In re Asbestos Products Liab. Litig. (No. VI), 770 F. Supp. 2d 736, 741 (E.D.Pa. 2011). In Willingham, 395 U.S. at 407, the Supreme Court noted "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." Id. Contrary to Conklin's argument, "[t]his policy should not be frustrated by a narrow, grudging interpretation of § 1442." Id.; see also State of La. v. Sparks, 978 F.2d 226, 232 (5th Cir. 1992) (noting "the Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of the chief purpose – to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so") (citing Willingham, 395 U.S. at 406-07)).

Unlike other kinds of removals, suits against federal officers and agencies may be removed "despite even a wholly non-federal cast to the complaint." Jefferson County v. Acker, 527 U.S. 423, 431 (1999). Removal under the federal officers removal statute turns upon there being both: (1) a *colorable* federal defense (not necessarily an ultimately successful one), and (2) a *nexus* between the conduct charged in the state court complaint and the federal actor's official authority. Id.

Hence, Conklin's narrow and erroneous assertion that a federal officer cannot remove an action until a complaint is filed in Pennsylvania is contrary to Supreme Court interpretation of section 1442. Importantly, section 1442 provides that removal for federal officers may occur when an action is commenced. In Pennsylvania, an action is commenced by writ of summons. See Pa. R. Civ. P. 1007 (providing "an action may be commenced by (1) a praecipe for writ of summons, or (2) a complaint). Thus, Chief Judge Kane, a federal officer named in the summons, properly removed the action to federal court.

Moreover, Conklin basis his argument for remand on dicta found in cases involving whether a plaintiff could challenge the timing of removal based on diversity of citizenship cases under section 1441. For example, Conklin relies on Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993), a case involving two corporations involved in a dispute over corporate money market

accounts. See id. at 49.² Conklin also cites dicta from Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1,14-15 (1983), which involved two non-federal actors disputing what type of cause of action was being asserted. See id. (noting it was not clear from the complaint whether a federal cause of action was pleaded). None of the cited holdings apply to this matter, a matter, which as can be seen from the four-corners of the writ of summons, involves an action commenced against an officer of the Court.

Finally, Conklin relies on the mistaken conclusion that this matter must be remanded because Chief Judge Kane allegedly failed to include the requisite grounds for removal of this action. A review of the Notice of Removal of Civil Action filed on July 7, 2013, indicates that the writ of summons filed commencing this action in state court was attached to the notice of removal. Sufficient grounds for removal were included at paragraphs (2) and (4). (Doc. 1). As was held by the Fifth Circuit Court of Appeals:

> The absence of detailed grounds setting forth [the] basis for removal is not fatal to defendants' right to remove. We think that the allegation that petitioners were officers acting under color of office in the employment of the United States was sufficient. Title 28, United States Code, Section 1446(a) requires only a short, plain statement of facts entitling a defendant to removal. Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962).

---

² Foster's continuing precedential value has been called into question by Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005)).

Conklin's action commenced against Chief Judge Kane can and should be resolved in federal court. Chief Judge Kane is, as a judicial officer, generally immune from suit. <u>Mireles v. Waco,</u> 502 U.S. 9, 11 (1991). Conklin has filed an action solely against Chief Judge Kane – no other defendants are named.

Because Chief Judge Kane filed a timely notice of removal of this action on June 7, 2013, this Court has jurisdiction and should dismiss Conklin's motion.

## **Conclusion**

Although the removal of a case from state to federal court can raise complex issues when federal questions, state or federal jurisdiction, diversity of citizenship matters are to be considered, this matter is straightforward: the sole defendant is the Chief Judge of the United States District Court for the Middle District of Pennsylvania. Regardless of what plaintiff Steven G. Conklin plans to plead in his complaint in this action, absolute immunity will be raised and the federal court has jurisdiction to address virtually any claim.

Removal is proper to the federal court, which clearly has jurisdiction to review and uphold the improvidently challenged notice of removal.

                          Respectfully submitted,

                          PETER J. SMITH
                          United States Attorney

                          <u>s/Mark E. Morrison</u>
                          MARK E. MORRISON
                          Chief, Civil Division
                          228 Walnut Street, Suite 220
                          P.O. Box 11754
                          Harrisburg, PA  17108
                          (717) 221-4482
                          (717) 221-2246 (Facsimile)
                          PA43875
                          mark.e.morrison@usdoj.gov

Date: <u>July 25, 2013</u>

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | No. 1:13-CV-01531 |
| **Plaintiff** | : | |
| | : | (Judge Savage) |
| v. | : | |
| | : | (Electronically Filed) |
| **YVETTE KANE** | : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on July 25, 2013, she served a copy of the foregoing

**DEFENDANT'S BRIEF IN RESPONSE TO MOTION FOR REMAND**

by placing a copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

                                                  s/Christina Garber
                                                  Christina Garber
                                                  Legal Assistant