IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN G. CONKLIN | : CIVIL ACTION |
| v. | : |
| YVETTE KANE | : NO. 13-1531 |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                August 27, 2013

Relying upon the federal officer removal statute, 28 U.S.C. § 1442(a)(3), the defendant, a federal judge, removed this action commenced in the state court by a writ of summons. Plaintiff Stephen Conklin, acting *pro se*, has moved to remand the action to the Court of Common Pleas of Dauphin County, Pennsylvania. Conklin asserts that "there is no basis for this Court to assume jurisdiction." *Pl.'s Mot. for Remand* ¶ 12. He points out that there has been no complaint filed in the state court action. *Id.* ¶¶ 14-16.

The plaintiff is correct. Because we cannot determine whether the removed action is based upon the defendant's conduct as a federal judicial officer, we cannot conclude that the action was properly removed. Therefore, we shall remand the action to the state court from which it was removed.

The federal officer removal statute provides, in relevant part, as follows:

> A civil action . . . commenced in a State court . . . against . . . any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof sued in an official or individual capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442(a)(1).

Removal jurisdiction under the statute exists when the plaintiff's claims are based

upon the defendant's conduct while "acting under" the federal office and there is a causal connection between the federal defendant's performance of the duties of her federal office. *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998). Mere suspicion or conjecture that the claims against the defendant arose out of acts or omissions in the course of carrying out her duties will not suffice. We must confine our jurisdictional determination from the plaintiff's claims as made in the state court.

A notice of removal must be filed within thirty days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). A writ of summons by itself is not an "initial pleading" that triggers the thirty-day period for removal under § 1446(b). *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). This action was instituted by the issuance of a writ of summons. No complaint has been filed.[1] There are no pleadings containing factual allegations or asserted causes of action. Consequently, we cannot determine whether the plaintiff complains of the defendant's conduct while acting in her official capacity as a federal judicial officer or in her personal capacity.

Additionally, we cannot discern a causal nexus between any actions that the defendant may have taken as a federal judicial officer and the plaintiff's yet unknown claims. In short, although we may surmise, we do not know why the plaintiff has sued the defendant or whether he has sued her for her actions as a federal judicial officer. He may have sued her for conduct having nothing to do with her judicial office. Therefore, we must remand this

---

[1] The defendant did not file a *praecipe* requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa. R. Civ. P. 1037(a). Had she done so, she would have forced Conklin to state what his claims are and what relief he is seeking.

action for lack of removal jurisdiction.