

## PROTHONOTARY

**Stephen E. Farina**
Prothonotary

Front & Market Streets
Harrisburg, PA 17101

(717) 780-6520

### County of Dauphin

December 9, 2013

MARY E. D'ANDREA
Clerk of Middle District Court
228 Walnut St
Harrisburg Pa  17101



Re: Stephen G Conklin Vs.  Yvette Kane
Dauphin County Docket. NO 2013 CV 2962-CV
Middle District NO.  1:13-CV-01531

Pursuant to the Petition for Removal of Civil Action
Filed in this office on December 6, 2013 to the United States
District Court for the Middle District of Pennsylvania.

I am, accordingly, sending you all the original papers
Herewith.
I will appreciate the return of the attached receipt
Addressed to the attention of Ms. Lisandra Garcia.

Very truly yours,

*Stephen E Farina*
Prothonotary

1:13-CV-1531

IMAGED

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | NO.  2013 CV 2962 CV |
| Plaintiff, | : | |
| v. | : | (Evans, J.) |
| | : | |
| YVETTE KANE | : | CIVIL ACTION - LAW |
| Defendant. | : | |

## P R A E C I P E

**TO THE PROTHONOTARY:**

Please file the attached Notice of Removal.  Assistant United States Attorney

Mark E. Morrison, through counsel, the United States Attorney, has removed the

sanctions proceeding scheduled for December 9, 2013 before the Honorable Scott Arthur

Evans from the Court of Common Pleas of Dauphin County to the United States District

Court, Middle District of Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

Dated: December 6, 2013

Michael J. Butler
Assistant United States Attorney
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel:  (717) 221-4482
Fax: (717) 221-2246

QA ✓

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
Dauphin _____ County

OB pa162-

| For Prothonotary Use Only: | |
| --- | --- |
| Docket No: | 2013 cv 2902 cv |

2013 APR -4 PM 3:56
DAUPHIN CO. PROTHY OFFICE

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

SECTION A

**Commencement of Action:**
- ☐ Complaint    ☑ Writ of Summons    ☐ Petition
- ☐ Transfer from Another Jurisdiction    ☐ Declaration of Taking

**Lead Plaintiff's Name:** Stephen G. Conklin

**Lead Defendant's Name:** Yvette Kane

**Are money damages requested?** ☐ Yes    ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes    ☑ No

**Is this an *MDJ Appeal*?** ☐ Yes    ☑ No

**Name of Plaintiff/Appellant's Attorney:** _____

☑ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

SECTION B

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- _____
- ☐ Other. _____
- _____
- _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- _____
- ☐ Zoning Board
- ☐ Other: _____
- _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☑ Other: _____
- _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|                        |            |   |                     |
|------------------------|------------|---|---------------------|
|                        |            | : | CIVIL ACTION – LAW  |
| Stephen G. Conklin     |            | : |                     |
|                        | Plaintiff  | : |                     |
|                        |            | : | No.:  2013 CV.2962.CV |
|                        | v.         | : |                     |
|                        |            | : | PRAECIPE FOR        |
| Yvette Kane            |            | : | WRIT OF SUMMONS     |
|                        | Defendant  | : |                     |
|                        |            | : | JURY TRIAL DEMANDED |
|                        |            | : |                     |

PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONTARY:

Kindly issue a Writ of Summons in the above-captioned matter, against the

Defendant named therein. Attached hereto, is the individual Writ of Summons, setting

forth, the part Defendant.


April 4, 2013                                Respectfully Submitted,


                                             By: _____
                                                 Stephen G. Conklin
                                                 22 Mairdale Ave.,
                                                 Pittsburgh, Pa. 15214
                                                 (717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
|   Plaintiff | : | |
| | : | No.: 2013·CV·2902·CV |
|   v. | : | |
| | : | |
| Yvette Kane | : | WRIT OF SUMMONS |
|   Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## WRIT OF SUMMONS

TO: Yvette Kane;

YOU ARE HEREBY NOTIFIED that Stephen G. Conklin, plaintiff, has commenced an

action against you.

_Stephen E. Farina_

_____
Stephen E. Farina, Prothonotary


Date: _APR 04 2013_          BY _Amy Brown_
                            Deputy Prothonotary




SEAL OF THE COURT

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No.: 2013-CV-2962 CV |
| v. | : | |
| | : | PRAECIPE FOR |
| Yvette Kane | : | REISSUED WRIT OF SUMMONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

PRAECIPE FOR REISSUED WRIT OF SUMMONS

TO THE PROTHONTARY:

Kindly re-issue a Writ of Summons in the above-captioned matter, against the

Defendant named therein. Attached hereto, is the original Writ of Summons, setting forth,

the party Defendant.

May 10, 2013

Respectfully Submitted,

By: _____

Stephen G. Conklin
22 Mairdale Ave.,
Pittsburgh, Pa. 15214
(717) 460-5450

2013 MAY 10 PM 3: 32
DAUPHIN
FEMA

# Office of the Sheriff



**Shelley Ruhl**
Real Estate Deputy

**Matthew L. Owens**
Solicitor

**Jack Duignan**
Chief Deputy

**Michael W. Rinehart**
Assistant Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 255-2889

**Jack Lotwick**
Sheriff

**Commonwealth of Pennsylvania** : STEPHEN G CONKLIN

VS

**County of Dauphin** : YVETTE KANE, JUDGE

Sheriff's Return
No. 2013-CV-02962-CV

And now: MAY 24, 2013  at 9:16:00 AM served the within REISSUED WRIT OF SUMMONS upon

YVETTE KANE, JUDGE by personally handing to NAOMI LOSCH  1 true attested copy of the

original  REISSUED WRIT OF SUMMONS  and making known to him/her the contents thereof at

FEDERAL BUILDING, 228 WALNUT STREET HARRISBURG, PA 17101

SERVED UPON LEGAL ASSISTANT AND PERSON IN CHARGE TO ACCEPT SERVICE.

So Answers,

_____
Sheriff of Dauphin County, Pa.

Deputy: T WONG
Plaintiff: STEPHEN G CONKLIN
Sheriff's Costs: $52 5/10/2013
Out Of County Cost:

DAUPHIN COUNTY
PENNA
2013 MAY 29  PM 2: 29
RECEIVED
OFFICE OF
PROTHONOTARY

IMAGED



# IN THE COURT OF COMMON PLEAS, DAUPHIN COUNTY, PENNSYLVANIA

## CIVIL DIVISION

*STEPHEN G. CONKLIN*                              :
                                                                :
                                                                :
                                                                :
                                                                :
                        Vs.                              :      File No.   *2013 CV 2962 CV*
                                                                :
*YVETTE KANE*                                        :      PRAECIPE AND RULE TO FILE
                                                                :      ☒ A COMPLAINT
                                                                :      ☐ A BILL OF PARTICULARS

TO THE PROTHONOTARY OF SAID COURT:

Issue rule on *Stephen G. Conklin* to file a *Complaint* in the above case within twenty days after
service of the rule or suffer a judgment of non pros.


DATE:   *September 16, 2013*          Signature:  _____

                                                            Print Name:  Mark E. Morrison
                                                            Address:   *228 Walnut Street, Suite 220*  Harrisburg PA 17108
                                                            Attorney for:   *Yvette Kane*
                                                            Telephone:   *(717) 221-4482*
                                                            Supreme Court ID No.:   43875

NOW, **SEP 18 2013** , RULE ISSUED AS ABOVE.  Stephen C. Harina

 

                                                            _____
                                                            Prothonotary
                                        By:   Autumn D. Hock
                                                                                                 Deputy

RECEIVED OFFICE OF PROTHONOTARY
2013 SEP 18 AM 9:30
DAUPHIN COUNTY PENNA

(NOTE:  File in duplicate)


PROTHON. - 12

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| v. | : | EMERGENCY APPLICATION |
|  | : | FOR STAY PENDING HEARING |
| Yvette Kane | : | ON MOTION FOR SANCTIONS |
| Defendant | : |  |
|  | : | JURY TRIAL DEMANDED |

ORDER

AND NOW, to wit, this ____ day of _____, 2013, on consideration of

plaintiff's Emergency Application for Stay pending resolution of Plaintiff's concurrently

filed Emergency motion for Sanctions, it is hereby ORDERED, and DECREED, that

Plaintiff's Application for Stay is hereby GRANTED.

BY THE COURT:

_____ J

DISTRIBUTION LIST
MARK E MORRISON
ASSISTANT U.S. ATTORNEY
Ronald Reagan Federal Building
228 Walnut St., Suite 220
P.O. Box 11754
HARRISBURG, PA. 17108-1754

Stephen G. Conklin
22 Mairdale St.
Pittsburgh, PA. 15214

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY APPLICATION |
| | : | FOR STAY PENDING HEARING |
| Yvette Kane | : | ON MOTION FOR SANCTIONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### PLAINTIFF'S EMERGENCY APPLICATION FOR STAY PENDING HEARING ON MOTION FOR SANCTIONS

NOW COMES, Stephen G. Conklin, Plaintiff in the above-captioned matter, who moves upon this Court, by way of Emergency Application, for a Stay of all proceedings pending Hearing on Plaintiff's Motion for Sanctions. In support, Plaintiff states as follows:

1. Concurrent with this Application, Plaintiff has filed with this Court, an Emergency Motion for Sanctions with Request for Hearing; Discovery. Plaintiff hereby incorporates the foregoing referenced Emergency Motion as if it is fully set forth at length, herein.

2. Exigent circumstances exist that requires this Court's immediate attention, lest Plaintiff suffer needless harm and injury.

3. Defendant, by and through unauthorized counsel is imminently contemplating obtaining a judgment for non pros against Plaintiff, where, in the first instance as required by law, said counsel has failed to serve the requisite Rule upon Plaintiff to file a complaint.

RECEIVED OFFICE OF PROTHONOTARY
2013 OCT 31 PM 3: 44
DAUPHIN COUNTY PENNA

4. Whereas, in addition to the lack of counsel's lawful authority, such failure to serve is a fatal defect to the record, that alone, would be sufficient to subsequently strike the judgment's entry, but, at the expense of Plaintiff filing a Petition with this Court to do so.

5. This is a needless and unwarranted expense and loss of property incurred solely by Plaintiff, where, this Court has cause sufficient to warrant a Stay pending opportunity to be heard.

6. "This court has not.. embraced the general proposition that a wrong may be done if it can be undone." *Stanley v. Illinois*, 405 U.S. 645, 647.

7. This Court has the power to prevent a wrong being done.

WHEREFORE, in consideration of the foregoing, inclusive of Plaintiff's incorporated Emergency Motion, Plaintiff respectfully entreats this Court to grant Plaintiff a stay of all proceedings, pending a full and just determination following hearing of Plaintiff's Emergency Motion for Sanctions.


Respectfully Submitted,


Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|   |   |   |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY APPLICATION |
| | : | FOR STAY PENDING HEARING |
| Yvette Kane | : | ON MOTION FOR SANCTIONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 31st day of October, that I filed and thus

caused to be served, by hand delivery, my Emergency Application for Stay upon the

office of he Court Administrator for the Court of Common Pleas for Dauphin County;

and further, caused a true and correct copy, prior to filing, to be served by facsimile upon

Defendant's counsel and thereafter  served, by U.S. Mail, postage prepaid, upon

Defendant's Counsel as addressed below.

Mark E. Morrison
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108-1754
Fax: (717) 221-2246

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY MOTION FOR |
| | : | SANCTIONS WITH REQUEST |
| Yvette Kane | : | FOR HEARING; DISCOVERY |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

ORDER

AND NOW, to wit, this _____ day of _____, upon consideration of

Plaintiff's Emergency Motion for Sanctions, it is hereby ORDERED and DECREED,

that Plaintiff's Emergency Motion is GRANTED.

BY THE COURT:

_____J.

DISTRIBUTION LIST

MARK E. MORRISON
ASSISTANT U.S. ATTORNEY
Ronald Reagan Federal Building
228 Walnut St., Suite 220
P.O. Box 11754
Harrisburg, PA. 17108-1754

Stephen G. Conklin
22 Maindale St.
Pittsburgh, PA. 15214

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY MOTION FOR |
| | : | SANCTIONS WITH REQUEST |
| Yvette Kane | : | FOR HEARING; DISCOVERY |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS
WITH REQUEST FOR HEARING; DISCOVERY

NOW COMES, Stephen G. Conklin, Plaintiff in the above-captioned matter,

("Plaintiff") who, for good cause, in accordance with Pa. R.Civ.P ("Rule") 1023.1 et seq.,

together with any additional Rules of Court or law applicable hereto, urgently moves

upon this Court by way of Emergency Motion for Sanctions, pursuant to Rule 1023.2; or,

in the alternative, pursuant to Rule 1023.3, this Court issue a Rule to Show Cause upon

the Defendant and/or her counsel of record, Assistant U.S. Attorney Mark E. Morrison, as

to why sanctions should not be imposed thereupon.

Plaintiff additionally requests a hearing on this matter, pursuant to Local Rule ("LR")

208.3(a)(1)(b)(i), which Plaintiff estimates forty-five (45) minutes or less is and/or will

be required; and, further declares that discovery (LR 208.3(a)(1)(b)(ii)) will be necessary

for purposes of a final and just disposition of Plaintiff's instant motion.

Finally, Plaintiff respectfully entreats this Court to issue a Emergency Stay of all

proceedings, as filed concurrently herewith, and fully incorporated by reference, as if set

forth at length herein, pending a full and just determination of the merits of this motion,

following discovery and hearing. In support of this Motion, Plaintiff states as follows:

1

## STATEMENT OF AUTHORITY

1. This court has [unlimited] original jurisdiction to hear live controversies, pursuant to Pa. Constitution, Article V, Section 5; the powers for which are further enumerated, [generally] pursuant to 42 Pa.C.S. Article 1, Chapter 3, Subchapter B [§ 323] and, as further distilled under Title 42, Article 3, Chapter 9, Subchapter B [§ 912]

2. The instant matter involves an action commenced by Plaintiff on writ of summons that was subsequently, albeit, unlawfully removed by Defendant and thereafter, remanded by the federal court for lack of jurisdiction to this Court.

## SUMMARY OF ISSUES EXIGENTLY PRESENTED

3. For reasons more fully set forth further below, this Emergency Motion for Sanctions is founded on two distinct issues:

   (1) The total lack of authority of the Office of United States Attorney and/or Assistant U.S. Attorney, to act in any capacity on behalf of a private party [Defendant], where no evidence of federal authority, expressed or implied has been, or can be implicated; and,

   (2) Where there exists no evidence that the [unauthorized] procurement by a U.S. Attorney's Office/Assistant U.S. Attorney of a Rule issued by the Prothonotary's office was ever served upon the Plaintiff, as otherwise required.

## EXIGENT CIRCUMSTANCES

4. Plaintiff's Emergency Motion presents exigent circumstances, *infra.*, that urgently seeks to invoke this Court's timely intervention.

5. Plaintiff is only recently in receipt of a Ten Day Notice of Intention (dated October 21, 2013; received, evening of October 23, 2013) by Defendant's unauthorized counsel, as unequivocally sent in his official capacity.

6. Noteworthy, Plaintiff previously served said counsel with a "Safe Harbor" Notice, regarding, *inter alia*, said counsel's [lack of] authority to intervene; as well as the total absence of any jurisdictional prerequisite.[1]

7. Nonetheless, said counsel yet proceeds, with its Notice of Intention, ostensibly predicated upon a Rule issued/stamped/dated by the Prothonotary to file a complaint, that Plaintiff only learned about [following receipt of notice of intention] thus causing Plaintiff to promptly appear on October 24, 2013, in the Prothonotary's Office to obtain a certified copy of the docket.

8. To date, issuance of the Rule has never been served upon Plaintiff.

9. Exigent circumstances exist for this Court to imminently exercise its inherent authority, as it is believed that Defendant, by and through its [unauthorized] counsel fully intends to unlawfully obtain a judgment in *non pros* as of November 1, 2013.

10. Should this unlawful act be allowed to occur, Plaintiff is mindful, pursuant to Rule 1023.2(c), that he will lose his right to motion for sanctions, as, "A motion requesting sanctions under this rule ***shall be filed before the entry of final judgment.***"[2] (emphasis added)

---

[1] ..."given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) ***for your exercise of authority*** to have, *inter alia*, either intervened or substituted party-defendant.. (emphasis added)

[2] Entry of judgment on *non pros*, constitutes a final judgment, subject only to the timely filing of a motion to open, or in the alternative, motion to strike, before taking appeal.

11. Moreover, Plaintiff will be further prejudiced by an unlawful entry of *non pros* judgment as it will unnecessarily force Plaintiff to lose both property[3] and time/energy to either Petition to Open or Strike the *non pros* judgment.

12. Additionally, the interests of this Court and respective parties will be far better served by this Court timely exercising its inherent power, thus saving precious time, judicial resources and monies likely to be expended in event this Court declines invitation, [whether by motion or this Court's own initiative] and the matter is left to post-judgment motions and any appeal(s) arising therefrom.

## OPERATIVE FACTS

13. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length, herein.

14. On or about April 4, 2013, Plaintiff commenced an action in this Court, by writ of summons against Yvette Kane, only.

15. On or about May 10, 2013, the Plaintiff provided the Sheriff of Dauphin County a reissued writ for service.

16.  Service was perfected by the Sheriff's department on or about May 24, 2013.

17. On or about June 7, 2013, Mark E. Morrison, in his official capacity as Civil Chief/Assistant United States Attorney caused the above-captioned matter, albeit, without jurisdiction or authority, to be promptly removed to federal court.

18. On or about July 8, 2013, Plaintiff filed a motion for remand, with brief in support.

---

[3] Should judgment be entered, Plaintiff will lose, *inter alia*, valuable property, i.e. monies, as Dauphin County requires a fee of one hundred and sixty-two ($162.00) dollars for Petitions to open/strike judgments.

19. On or about July 13, 2013, Plaintiff sent a "Safe Harbor" letter, with proof of mailing to Mark E. Morrison. Attached hereto, is a true and correct copy of the foregoing letter, together with proof of mailing, marked as Exhibit "A".

20. Despite Defendant and/or her attorney of record clearly being put on notice, on or about July 25, 2013, Mark E. Morrison, still acting [only] in his official capacity, filed a frivolous response in federal court to Plaintiff's motion for remand.

21. On or about August 27, 2013, the Honorable Timothy J. Savage, as designate-judge for the Eastern District Court, properly remanded defendant's removal action back to this Court, for lack of jurisdiction[4]. Pursuant to Rule 1019(g), Plaintiff hereby incorporates by reference, as a matter of record, Judge Savage's opinion and order, as if it is set forth at length herein.

22. On or about October 23, 2013, Plaintiff, through his attorney, filed a complaint in U.S. District Court for the Middle District of Pennsylvania, against defendant, Yvette Kane, and Mark E. Morrison, together with Peter J. Smith, and Christina Garber, docketed as 1:13-cv-2618.[5] Pursuant to Rule 1019(g) Plaintiff incorporates by reference as a matter of record, the aforesaid complaint, as if it is set forth at length herein.

23. On or about the afternoon of October 23, 2013 (dated October 21, 2013) Plaintiff received a copy of a Notice of Default for failing to file a complaint. This "Notice" is filed on behalf of U.S. Attorney, Peter J. Smith, by Mark E. Morrison,

---

[4] Judge Savage states on pg. 2 fn 1 that: The *defendant* did not file a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P 1037(a). *Had she done so, she would have forced Conklin to state what his claims are and what relief he is seeking.* (emphasis added)

[5] This federal complaint is based on *inter alia*, the unlawfully egregious nature of removal, usurping this Court's inherent authority to the deprivation of Plaintiff's Constitutional rights.

as "Civil Chief/ Assistant U. S. Attorney". Attached hereto, is a true and correct

copy of the foregoing "Notice, marked as Exhibit "B")

24. Alerted, Plaintiff promptly traveled to the Dauphin County's Prothonotary's

office the very next day (October 24, 2013) and procured a certified/stamped copy

of the docket. Attached hereto, is a true and correct copy of the certified docket,

marked as Exhibit "C".

25. Contained within the docket, is an entry of a Rule issued by the Prothonotary's

office, indicating said Rule was issued on or about September 18, 2013.

26. To date, the above Rule, as issued by the office of the Prothonotary, <u>has never</u>

<u>been served,</u> as otherwise required, upon Plaintiff.

27. This emergency motion for sanctions now follows.

<u>SANCTIONS</u>

28. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all

are fully set forth at length herein.

29. Plaintiff is requesting that this Court impose sanctions, either by this Motion, or,

on the Court's own initiative.

30. Rule 1023.2 [Motion for Sanctions] provides in pertinent parts that:

   (a) An application for sanctions under this rule shall be made by motion, shall be
       made separately from other applications and shall and shall describe the
       specific conduct alleged to violate Rule 1023.1(c).
   (b) No such motion shall be filed unless it includes a certification that the
       applicant served written notice and demand to the attorney or pro se party who
       signed or filed the challenged pleading, motion or other paper. The
       certification shall have annexed a copy of that notice and demand, which shall
       identify with specificity each portion of the document which is believed to
       violate the provisions of this rule....

31. The document itself, i.e. removal, was the source sought to be withdrawn; coupled to the fact that counsel lacked any authority (as further set forth below) to act on behalf of the defendant.

32. Be that as it may, to whatever extent (if any) Plaintiff's Emergency Motion for Sanctions does not fully comport procedurally with any requirement(s) as set forth in subsection (b) above, given the extraordinary circumstances involved, Plaintiff, respectfully seeks consideration as a pro se party, and further requests invocation of Rule 126, which provides in pertinent part that:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

33. Plaintiff believes, with respect to this motion, and for reasons more fully set forth below, that the Rules should be liberally construed to secure the "just, speedy and inexpensive determination" of this the instant matter.

34. This is all the more so as, *inter alia*, it is Defendant's Counsel who has unjustly prolonged and increased the cost of this matter – a cost, and prolonging that will inevitably continue, to the prejudice of Plaintiff, without this Court's immediate intervention.

35. In the alternative, and possibly preferable to this Court, Plaintiff seeks this court's consideration of Rule 1023.3, which provides in pertinent part that:

> ***On its own initiative***, the court may enter an order describing the specific conduct that appears to violate Rule 1023.1(c) and ***directing an attorney, law firm or party <u>to show cause why it has not violated Rule 1023.1(c)</u> with respect thereto***. (emphasis added)

36. With the above in mind, Plaintiff turns to Rule 1023.1, entitled, "Scope. Signing

of Documents. Representations to the Court. Violation" stating in pertinent part(s)

that:

(c) The signature of an attorney or pro se party *constitutes a certification that the signatory has read the pleading, motion or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or pro se party certifies that, to the best of that person's knowledge, information and belief, <u>formed after an inquiry reasonable under the circumstances,</u>*

(1) *it is not being presented <u>for any improper purpose,</u> such as to harass or cause unnecessary delay or needless increase in the cost of litigation,*

(2) *the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument* for the extension, modification or reversal of existing law or the establishment of new law,

(3) the factual allegations have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and,

(4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

(d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, *impose an appropriate sanction upon any attorneys*, law firms *and parties that have violated (c) or are responsible for the violation.* (emphasis added)

<u>VIOLATIONS</u>

37. With respect to the foregoing, both defendant Yvette Kane and her attorney of

record, Mark E. Morrison, are, pursuant to Rule 1023.1(d) *directly responsible for*

*the violation*(s), as further set forth below. Moreover, these violations are [an]

ongoing [abuse of process] as of the date of this filing.

38. Both defendant and her attorney of record, knew or should have known, as

seasoned attorneys, that beginning with the removal action commenced by them

on or about June 7, 2013 was, *inter alia*, an egregious abuse of process; and, for purposes of this motion, are representative of an ongoing pattern of abuse in violation of Rule(s) 1023.1 *et seq.*, and, Fed.R.Civ.P 11.

39. Nonetheless, said defendant through counsel, commenced removal, in violation of the foregoing Rule(s), for *improper purposes* of *harassing and intimidating* Plaintiff; the latter, causing severe emotional distress[6], by virtue of the enormous, and seemingly unbridled power vested in the U.S. Attorney's office.

40. Further, defendant and her counsel caused *unnecessary delay and needless increase in expense*, without justification; and more importantly, knowingly, or, with such reckless abandon, as seasoned attorneys should have known, there was absolutely no jurisdiction for them to have done so.

41. This "*unnecessary delay and needless increase in expense*" is first evidenced by Defendant/Counsel's usurping this Court's jurisdiction via removal to federal court, where, as the federal court subsequently determined, no jurisdictional basis existed, and continues [as yet unabated] resulting in the instant matter now before this Court.

42. This is yet further exacerbated, from its very incipience, had, as Rule 1023.1 requires, Defendant's counsel, in certifying, had actually made a "*inquiry reasonable under the circumstances*" upon which to base their "knowledge, information and belief" upon.

43. Had either Defendant or her counsel, both, as seasoned attorneys, *actually* done so, [and complied with the law] there simply would be no reason to be here, now.

---

[6] Shortly following removal, Plaintiff became physically ill as a result. Plaintiff yet remains under doctor's care.

44. Despite this, it all is further exacerbated by the fact that Defendant's counsel's lacked any authority to act on behalf of Defendant.

   A.   **Counsel's Lack of Authority to Act on Behalf of Defendant**

45. Pursuant to USAM (United States Attorney's Manual) Chapter 3-2.000 et seq., at all material times relevant hereto, Defendant's counsel of record, Mark E Morrison, acting solely in his capacity as Assistant U.S. Attorney, is wanton of any lawful authority, statutorily or otherwise, to act on behalf of Defendant.

46. USAM 3-2.140 states in pertinent part that:

   Although the Attorney General has supervision over all litigation *to which the United States or any agency thereof is a party* and has direction of all United States Attorneys, and their assistants, in the discharge of their respective duties…each United States Attorney, within his/her district, has the responsibility and authority to: (a) prosecute for all offenses against the United States; (b) *prosecute or defend, for the government, all civil actions, suits, or proceedings in which the United States is concerned*… By virtue of this *grant of statutory authority and* the practical realities of *representing the United States* throughout the country, United States Attorneys conduct most of the trial work *in which the United States is a party*…(emphasis added)

47. Regarding Assistant U.S. Attorneys 3-2.200-210 states in pertinent part(s) that:

   Assistant United States Attorneys are appointed by the Attorney General and may be removed by that official..[and, as to authority] *Assistant United States Attorneys are responsible to the United States Attorney for the performance of duties __assigned by that official__.* (emphasis added)

48. The above fully comports with federal statute, 28 U.S.C. § 547 entitled Duties [U.S. Attorneys] as it states in pertinent part that:

   Except as otherwise provided by law, each United States attorney, within his district, shall
   (1) *prosecute for all defenses __against the United States__*;

   (2) *prosecute or defend, __for the government,__ all civil actions, suits or*

   *proceedings __in which the United States is concerned__*… (emphasis added)

49. Clearly, there is, [save for defendant/counsel's improper inferences], no mention made by Plaintiff, expressed or implied, that the United States is, in any way, a party to Plaintiff' action.

50. In furtherance of the above, this Court need but look at the Honorable Judge, Timothy J. Savage's opinion/order, upon which he remanded back to this Court, Defendant/Counsel's unlawful removal.

51. In furtherance, it behooves this Court, in light of the above, to additionally consider the fact that, (a) Plaintiff had previously served Defendant's counsel with a "safe harbor" notice, demanding the said counsel forthwith withdraw their unlawful removal, further stating that there was, "***absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally, or otherwise) for your <u>exercise of authority</u> to have, inter alia, intervened or substituted party-defendant.***." (emphasis added); and (b) as illustrated by Defendant's/Counsel's Ten Day Notice of Intention , (see Exhibit "B" attached), said counsel continues to represent Defendant in his official capacity (as if still representing the United States) sans any authority, statutorily or otherwise, to do so.

52. Accordingly, for the reasons set forth above, this Court strike off any and all filings submitted on behalf of the Defendant by said counsel, for counsel's, clear and convincing lack of lawful authority to do so.

**B.**     **Failure to Provide Notice**

53. For reasons previously stated above, ***Plaintiff was never served with a Rule to file a complaint***, and accordingly, this Court should forthwith *estop* Defendant

and her counsel from seeking any entry of judgment for *non pros* against Plaintiff,

as imminently contemplated.

54. "judgment of non pros" is governed pursuant to Rule1037(a), which states in

pertinent part that:

(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If the complaint is not filed within twenty (20) days ***after service of the rule***, the prothonotary, upon praecipe of the defendant, shall enter judgment of *non pros*. (emphasis added)

55. "Service" of a rule to file a complaint is explicitly required by Rule 1037(a).

Noting further:

The Rule provides for the entry of the judgment of non pros by the prothonotary upon "praecipe" of the defendant. ***This, however, cannot be filed until 20 days after "<u>service</u>" of the rule to file the complaint***. Although there is no specific provision for an affidavit of service, ***<u>it is clear that the defendant will never succeed</u> in obtaining the entry of judgment without furnishing the prothonotary <u>with sworn proof of the service of the rule at least 20 days prior to the date he asks for judgment</u>***. (emphasis added) 2 Goodrich-Amram 2d § 1037(a):1 Foot note omitted). Accord 7 Standard Pennsylvania Practice 2d § 39:94

56. Here it is clear, as evidenced by the certified docket attached hereto (Exhibit "C")

there exists no "***sworn proof of the service of the rule at least 20 days prior to***

***the date he asks for judgment***", or for that matter, any date, up to and including

the date of the certified docket (October 24, 2013) a mere week ago.

57. Accordingly, the prothonotary has no authority to entertain entry of a judgment

for *non pros*, because the rule to file a complaint has never been served. See,

<u>*Storm v. Golden*</u>, 338 Pa. Super. 570 (1985) 488 A.2d 39 (Pa. 1985) (holding that,

"prothonotary had no authority to enter judgment of non pros in favor of appellant because the rule to file a complaint was never served on appellee"[7]

58. Plaintiff has been and continues to be harmed by the unlawful actions undertaken by defendant and her attorney of record.

59. Plaintiff will be additionally harmed and prejudiced, incurring yet additional delay and needless expense, should this Court choose not to sanction the defendant/attorney of record for their willfully deliberate and continuing acts.

60. Plaintiff has been deprived of lawful notice, regarding the issuance of a Rule never served upon Plaintiff, and further, by the acts of the Assistant U.S. Attorney, on behalf of the Defendant, sans any lawful authority of said attorney – all of which is to the detriment and expense of the Plaintiff; as well as, the public at large, who has been and will continue to be, forced to foot their bill.

61. Plaintiff believes, if for no other reason, the lack of notice should be sufficient for this Court to promptly act, lest additional harm and injury occur to Plaintiff.

<u>RELIEF REQUESTED</u>

62. Plaintiff hereby incorporates paragraphs each and every of the preceding paragraphs as if they are all set forth at length herein.

63. Plaintiff is seeking appropriate sanctions against defendant, Yvette Kane, and/or her counsel of record, Assistant U.S. Attorney, Mark E. Morrison.

64. Specifically, Plaintiff requests that:

---

[7] See also Judge Wieand's concurring statement in *Golden supra*. "…I write separately to observe that the ***defect in the judgment of non pros in this case was apparent on the face of the record***. More correctly, therefore, the ***judgment should have been stricken***." (emphasis added)

a.  Defendant and/or her counsel of record, be barred from the imminently-anticipated filing of a non pros judgment against Plaintiff, for, *inter alia*, the failure of either the Assistant U.S. Attorney, or Defendant, to provide [as required] Notice of Prothonotary's issuance of Rule upon Plaintiff, and for the inherent lack of lawful authority as otherwise vested in the U.S. Attorney's office, to procure same;

b.  Assistant U.S. Attorney Mark E. Morrison, together with any other person not lawfully authorized, be barred from signing, filing, submitting, or otherwise advocating anything on behalf of a private defendant in this matter;

c.  With respect to the above, the Rule to file complaint as issued by the Prothonotary's office, on or about September 18, 2013 be quashed, or otherwise stricken from the record;

d.  With respect to the above, the Notice of Intention to take judgment, based on an un-served Rule, as mailed on or about October 21, 2013 be quashed, and/or otherwise deemed stricken;

e.  Hereafter, should Defendant, or any lawful private attorney duly authorized on her behalf, seek recourse upon Plaintiff, by virtue of [new] Rule issued to file a complaint, that such praecipe for Rule be filed by either the Defendant, or her private attorney so authorized, and that the same [issued Rule] be actually served upon the Plaintiff;

f.  Relief that this Court, given the unique circumstances, deems sufficient to deter such similar acts from occurring; and/or

g.  Any and all additional relief, punitive or otherwise, that this Court deems

    just and proper.

65. Plaintiff respectfully requests that this Court, for good cause, grant Plaintiff's

    Motion for Sanctions and request for relief, pursuant to Rule 1023.2, or in the

    alternative, this Court, on its own initiative, pursuant to Rule 1023.3, issue a Rule

    to Show Cause upon Defendant and her counsel of record, as to why sanctions

    and relief requested should not be imposed; and further, grant Plaintiff any and all

    additional relief, punitive and/or otherwise, as this Court may, given the

    extraordinary and egregious nature of their acts, as this Court may deem as just

    and proper.


    WHEREFORE, in consideration of all of the above, Plaintiff respectfully entreats this

Court to grant Plaintiff, any and all manner of relief consistent with the foregoing.

    Respectfully Submitted,

    _____
    Stephen G. Conklin/plaintiff
    22 Mairdale Street
    Pittsburgh, Pa. 15214
    (717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  | : |  |
|---|---|---|
|  | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : |  |
| Plaintiff | : | No.: 2013-CV-2962-CV |
|  | : |  |
| v. | : | EMERGENCY MOTION FOR |
|  | : | SANCTIONS WITH REQUEST |
| Yvette Kane | : | FOR HEARING; DISCOVERY |
| Defendant | : |  |
|  | : | JURY TRIAL DEMANDED |
|  | : |  |

## VERIFICATION

I, Stephen G. Conklin, Plaintiff in the above-captioned matter, do hereby aver this 31st day of October, 2013 that the statements made in my Emergency Motion, are true and correct to the best of my knowledge, information and belief. The undersigned acknowledges that this statement is made subject to 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

## CERTIFICATION

I, Stephen G. Conklin do hereby certify this 31st day of October, 2013, that I sent a true and correct copy of my emergency Motion by facsimile to Defendant's counsel (name/address/contact provided on accompanying certificate of service) and as of the time of filing Defendant's counsel concurred/did not concur/did not respond to Plaintiff's motion.

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

16



Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

Mark E. Morrison, Assistant U. S. Attorney
c/o Office of U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pa. 17108-1754

July 13, 2013

Re: Removal 1:13-cv-01531-TJS
**Safe Harbor Notice**

Dear Mr. Morrison,

**This Notice** is a request that you promptly withdraw your filing of Removal as indexed above. By now, you are in receipt of my Motion for Remand as accompanied by brief in support thereof. Surely you can see there exists no jurisdictional basis for your having removed my Writ of Summons from the Court of Common Pleas of Dauphin County to the U.S. District Court for the Middle District. The foregoing alone should be more than sufficient cause for you to withdraw your removal.

Further, given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) for your exercise of authority to have, *inter alia*, either intervened or substituted party-defendant; both of which raise additional serious concerns. I believe, under the present set of circumstances, absent jurisdiction, whatever immunity normally that would attach to you, is, at minimum, in dire jeopardy.

Your Notice of Removal is signed/certified pursuant to Fed.R.Civ.P 11. Given the fact that there is/was no lawful basis for your removal, I will be demanding damages in the amount of twenty thousand ($20,000.00) dollars as sanctions for your unlawful act.

In any event sir, you are on due notice and I recommend your guide yourself accordingly.

Respectfully,

_____

Stephen G. Conklin





**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Stephen G. Conklin
22 Mairdale St.
Pittsburgh, Pa. 15214

To: Mark E. Morrison
c/o office of U.S. Attorney
228 Walnut St., Suite 220
P.O. Box 11754, Harrisburg, PA. 17108-1754

HARRISBURG. PA
JUL 13 '13
AMOUNT $1.20
0006U467-14

1000

PS Form **3817**, April 2007  PSN 7530-02-000-9065



**U.S. Department of Justice**

United States Attorneys Office
*Middle District of Pennsylvania*

*228 Walnut Street, Suite 220*
*Harrisburg, Pennsylvania 17108-1754*

Official Business



Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

B

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | NO.  2013 CV 2962 CV |
| Plaintiff, | : | |
| v. | : | (          J.) |
| | : | |
| YVETTE KANE | : | CIVIL ACTION - LAW |
| Defendant. | : | |

TO:   Stephen G. Conklin
      22 Mairdale Avenue
      Pittsburgh, PA 15214


Date of Notice:      October 21, 2013

# IMPORTANT NOTICE

**YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO FILE A COMPLAINT IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR RIGHT TO SUE THE DEFENDANT AND THEREBY LOSE PROPERTY OR OTHER IMPORTANT RIGHTS.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**



**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Dauphin County Lawyer Referral Service**
**213 North Front Street**
**Harrisburg, PA 17101**
**(717) 232-7536**

PETER J. SMITH
United States Attorney

MARK E. MORRISON
Civil Chief / Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717) 221-4482
Fax: (717) 221-2246

Date: 10/24/2013

Time: 01:36 PM

Page 2 of 2

**Stephen G Conklin vs. Yvette Kane**

**Register of Actions**

| Date | Action | Judge |
|------|--------|-------|
| 4/4/2013 | Other Miscellaneous filed. | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA | No Judge, |
| | Writ of Summons Issued. See Praecipe, filed. | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA (AGING PURPOSES - CIVIL ACTION) | No Judge, |
| 5/10/2013 | Writ of Summons Re-Issued. See Praecipe, filed. | No Judge, |
| 5/24/2013 | Reissued Writ of Summons: Sheriff's Return filed stating service was completed. So answers J.R. Lotwick, Sheriff. to Yvette Kane on 5/24/2013; Assigned to Dauphin Co Sheriffs Office. Service Fee of $52.00. | No Judge, |
| 6/11/2013 | Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania, filed. | No Judge, |
| | Transferred / Withdrawn ( Civl Other ) | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA ****NO MORE ENTRIES CASE TRANSFERRED**** TO MIDDLE DISTRICT COURT | No Judge, |
| 9/6/2013 | AND NOW, this 27th day of August, 2013, upon consideration of the Plaintiff's Motion for Remand (Document No. 4) and the defendant's response, it is ORDERED that the motion is GRANTED. IT IS FURTHER ORDERED that this action is REMANDED to the state court from which is was removed. See Order & Memorandum Opinion filed. /s/ Timothy J Savage, J | No Judge, |
| 9/18/2013 | Rule is issued upon Plaintiff to file a Complaint within 20 days of service or suffer entry of Judgment of Non Pros. See PRAECIPE, filed. | No Judge, |
| | Defendant: Kane, Yvette Attorney of Record: Mark E Morrison | No Judge, |

OCT 24 2013

**I hereby certify that the foregoing is a
true and correct copy of the original filed.**

**Prothonotary**

Stephen C Harina

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY MOTION FOR |
| | : | SANCTIONS WITH REQUEST |
| Yvette Kane | : | FOR HEARING; DISCOVERY |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 31st day of October, that I filed and

thus caused to be served, by hand delivery, my Emergency Motion upon the office of he

Court Administrator for the Court of Common Pleas for Dauphin County; and further,

caused a true and correct copy of the foregoing motion to be served, by U.S. Mail,

postage prepaid, upon Defendant's Counsel as addressed below.

Mark E. Morrison
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108-1754
Fax: (717) 221-2246

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

*RECVD 10·31·13*

# CIVIL/ORPHANS' COURT ASSIGNMENTS

**CASE NAME:**   Conklin v. Kane

**DOCKET NUMBER:**   2013 CV 2962

**MATTER ASSIGNED:**   ----------
**Emergency Motion**
----------

**ASSIGNED JUDGE:**   Judge Bratton

**DATE OF ASSIGNMENT:** October 31, 2013

**Notes to Assigned Judge:**   **Emergency Motions for Sanctions -- file is in Middle District but case was remanded back to Dauphin County**

-------- ---------

**RECEIVED** *11-5-13*

Deb Freeman

*J. Coates RECUSED*

RECV'D 10·31·13

# CIVIL/ORPHANS' COURT ASSIGNMENTS

**CASE NAME:**     Conklin v. Kane

**DOCKET NUMBER:**     2013 CV 2962

**MATTER ASSIGNED:**     ---------
**Emergency Motion**
----------

*Judge Evans*     *Judge Coates*
*Judge Turgeon*

**ASSIGNED JUDGE:**     Judge Bratton

**DATE OF ASSIGNMENT:** October 31, 2013

**Notes to Assigned Judge:     Emergency Application for Stay -- file is in Middle District but case was remanded back to Dauphin County**

-------- ---------

11-5-13
**RECEIVED** clk     J. Coates RECUSED clk

Deb Freeman



IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|                        |   |                                                    |
|------------------------|---|----------------------------------------------------|
|                        | : | CIVIL ACTION ~ LAW                                 |
| Stephen G. Conklin     | : |                                                    |
| Plaintiff              | : | No.: 2013-CV-2962-CV                               |
|                        | : |                                                    |
| v.                     | : | EMERGENCY APPLICATION                              |
|                        | : | FOR STAY PENDING HEARING                           |
| Yvette Kane            | : | ON MOTION FOR SANCTIONS                            |
| Defendant              | : |                                                    |
|                        | : | JURY TRIAL DEMANDED                                |
|                        | : |                                                    |

## ORDER

AND NOW, to wit, this _____ day of _____, 2013, on consideration of

plaintiff's Emergency Application for Stay pending resolution of Plaintiff's concurrently

filed Emergency motion for Sanctions, it is hereby ORDERED, and DECREED, that

Plaintiff's Application for Stay is hereby GRANTED.

BY THE COURT:

_____ J

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|                        |            |   |                                    |
|------------------------|------------|---|------------------------------------|
| Stephen G. Conklin     |            | : | CIVIL ACTION -- LAW                |
|                        | Plaintiff  | : | No.: 2013-CV-2962-CV               |
|                        |            | : |                                    |
|                        | v.         | : | EMERGENCY APPLICATION              |
|                        |            | : | FOR STAY PENDING HEARING           |
| Yvette Kane            |            | : | ON MOTION FOR SANCTIONS            |
|                        | Defendant  | : |                                    |
|                        |            | : | JURY TRIAL DEMANDED                |

**PLAINTIFF'S EMERGENCY APPLICATION FOR STAY PENDING HEARING ON MOTION FOR SANCTIONS**

NOW COMES, Stephen G. Conklin, Plaintiff in the above-captioned matter, who moves upon this Court, by way of Emergency Application, for a Stay of all proceedings pending Hearing on Plaintiff's Motion for Sanctions. In support, Plaintiff states as follows:

1. Concurrent with this Application, Plaintiff has filed with this Court, an Emergency Motion for Sanctions with Request for Hearing; Discovery. Plaintiff hereby incorporates the foregoing referenced Emergency Motion as if it is fully set forth at length, herein.

2. Exigent circumstances exist that requires this Court's immediate attention, lest Plaintiff suffer needless harm and injury.

3. Defendant, by and through unauthorized counsel is imminently contemplating obtaining a judgment for non pros against Plaintiff, where, in the first instance, as required by law, said counsel has failed to serve the requisite Rule upon Plaintiff to file a complaint.

4. Whereas, in addition to the lack of counsel's lawful authority, such failure to serve is a fatal defect to the record, that alone, would be sufficient to subsequently strike the judgment's entry, but, at the expense of Plaintiff filing a Petition with this Court to do so.

5. This is a needless and unwarranted expense and loss of property incurred solely by Plaintiff, where, this Court has cause sufficient to warrant a Stay pending opportunity to be heard.

6. "This court has not.. embraced the general proposition that a wrong may be done if it can be undone." *Stanley v. Illinois*, 405 U.S. 645, 647.

7. This Court has the power to prevent a wrong being done.

WHEREFORE, in consideration of the foregoing, inclusive of Plaintiff's incorporated Emergency Motion, Plaintiff respectfully entreats this Court to grant Plaintiff a stay of all proceedings, pending a full and just determination following hearing of Plaintiff's Emergency Motion for Sanctions.


Respectfully Submitted,


Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY APPLICATION |
| | : | FOR STAY PENDING HEARING |
| Yvette Kane | : | ON MOTION FOR SANCTIONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 31st day of October, that I filed and thus

caused to be served, by hand delivery, my Emergency Application for Stay upon the

office of he Court Administrator for the Court of Common Pleas for Dauphin County;

and further, caused a true and correct copy, prior to filing, to be served by facsimile upon

Defendant's counsel and thereafter  served, by U.S. Mail, postage prepaid, upon

Defendant's Counsel as addressed below.

Mark E. Morrison
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108-1754
Fax: (717) 221-2246

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

IN THE COURT OF COMMON PLEAS
FOR DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | NO.  2013 CV 2962 |
| Plaintiff, | : | |
| v. | : | (          J.) |
| | : | |
| YVETTE KANE | : | CIVIL ACTION - LAW |
| Defendant. | : | |

2013 JUN 11  AH 8: 23
DAUPHIN COUNTY PROTH PENA
RECEIVED
OFFICE OF
PROTHONOTARY

**P R A E C I P E**

**TO THE PROTHONOTARY:**

Please file the attached Notice of Removal.  Defendant, **YVETTE KANE** through

counsel, the United States Attorney, has removed this matter from the Court of Common

Pleas of Dauphin County to the United States District Court, Middle District of

Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

MARK E. MORRISON
Civil Chief / Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717) 221-4482
Fax: (717) 221-2246

Dated: June 7, 2013

**IN THE COURT OF COMMON PLEAS
FOR DAUPHIN COUNTY, PENNSYLVANIA**

STEPHEN G. CONKLIN           :     NO.  2013 CV 2962 CV

          **Plaintiff,**      :

        **v.**               :     (          J.)

                           :

YVETTE KANE             :     **CIVIL ACTION - LAW**

         **Defendant.**     :

### NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA**

     **COMES NOW**, Peter J. Smith, United States Attorney for the Middle District of

Pennsylvania, on behalf of Defendant **YVETTE KANE**, and respectfully gives notice

that the attached Notice of Removal has been filed with the Clerk of Court of the United

States District Court for the Middle District of Pennsylvania.

                                 Respectfully submitted,

                                 PETER J. SMITH
                                 United States Attorney

                                 MARK E. MORRISON
                                 Civil Chief / Assistant U.S. Attorney
                                 Ronald Reagan Federal Building
                                 228 Walnut Street, Suite 220
                                 P.O. Box 11754
                                 Harrisburg, PA 17108-1754
                                 Phone: (717) 221-4482
                                 Fax: (717) 221-2246

Dated: <u>June 7, 2013</u>

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | **NO.  2013 CV 2962 CV** |
| **Plaintiff,** | : | |
| **v.** | : | ( **J.**) |
| | : | |
| **YVETTE KANE** | : | **CIVIL ACTION - LAW** |
| **Defendant.** | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on June 7, 2013, she served a copy of the foregoing

### NOTICE OF FILING OF NOTICE OF REMOVAL

by placing a copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

*Christina Garber*
CHRISTINA GARBER
Legal Assistant

## Civil and Miscellaneous Initial Pleadings
3:02-at-06000 Plaintiff v. Defendant

### United States District Court

### Middle District of Pennsylvania

## Notice of Electronic Filing

The following transaction was entered by Morrison, Mark on 6/7/2013 at 9:56 AM EDT and filed on 6/7/2013
**Case Name:**          Plaintiff v. Defendant
**Case Number:**        3:02-at-06000
**Filer:**
**Document Number:** 662

**Docket Text:**
**Notice of Removal Case Title: Stephen G. Conklin v. Yvette Kane; Court Name: Court of Common Pleas of Dauphin County, PA. . (Attachments: # (1) Civil Cover Sheet, # (2) Praecipe for & Writ of Summons)(Morrison, Mark)**


**3:02-at-06000 Notice has been electronically mailed to:**

**3:02-at-06000 Filer will deliver notice by other means to::**

Defendant


Plaintiff

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1027698419 [Date=6/7/2013] [FileNumber=3880700-0]
[353d4c975dbb00394d19346ce0476b1a1202382058f5d4a3bf73a1113446a3a8fda9
728b8e425a2f0451280f40572b2ec377fcd319d2bd640ca390b2fcc8966a]]
**Document description:** Civil Cover Sheet
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1027698419 [Date=6/7/2013] [FileNumber=3880700-1]
[60d3db0cc782e816ac6f94858345e618872f98fe436e19ef31c4945ed360102346cc
6f1169c18f2dc7b99360d60ffda0247c15972423edf6f16b899eec05fb54]]
**Document description:** Praecipe for & Writ of Summons
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1027698419 [Date=6/7/2013] [FileNumber=3880700-2]
[a6c7ae91cc0dac172fb460ad7b69afab8a80b16868245f4d36dafac6802ff89c454e
d017da738dff591e0c666ecff27f4eba4ca2b53b2d173e1040957999f34b]]

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL NO. |
| | : | |
| **Plaintiff,** | : | **(Judge          )** |
| v. | : | |
| | : | **(Filed Electronically)** |
| YVETTE KANE | : | |
| **Defendant.** | : | |

### NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW, Peter J. Smith, United States Attorney for the Middle

District of Pennsylvania, by Mark E. Morrison, Assistant United States Attorney,

on behalf of Defendant, **UNITED STATES OF AMERICA**, and hereby gives

notice of the removal of the above-captioned matter from the Court of Common

Pleas of Dauphin County, Pennsylvania, to this Court, under the provisions of Title

28 United Sates Code, Section 1446, and respectfully represents:

1.   A civil action was filed against the Defendant in the Court of Common

Pleas of Dauphin County, Pennsylvania, on or about April 4, 2013.   A copy of the

Writ of Summons is attached.

2. Civil actions over which United States District Courts have original

jurisdiction may be removed from state court to the district court of the United

States for the district embracing the place wherein it is pending.   28 U.S.C.

§ 1441.

3.   To date, Plaintiff has not served a complaint upon Defendant.

4.   Defendant, Yvette Kane, is and at all times relevant hereto was, a United States District Court Judge in and for the Middle District of Pennsylvania.

4.   Notice of Removal has this day been provided to the Prothonotary of the Court of Common Pleas of Dauphin.

**WHEREFORE**, the United States respectfully gives notice that the above-captioned matter is hereby removed to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/Mark E. Morrison
MARK E. MORRISON
Assistant U.S. Attorney
PA 43875
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482
(717)221-2246 (Facsimile)
mark.e.morrison@usdoj.gov

Dated: June 7, 2013

2

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL NO. |
| | : | |
| Plaintiff, | : | (Judge          ) |
| v. | : | |
| | : | (Filed Electronically) |
| YVETTE KANE | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on June 7, 2013, she served a copy of the foregoing

### NOTICE OF REMOVAL OF CIVIL ACTION

by electronic means and/or by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

s/Christina Garber
CHRISTINA GARBER
Legal Assistant

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

STEPHEN G. CONKLIN

**(b)** County of Residence of First Listed Plaintiff    Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

## DEFENDANTS

YVETTE KANE

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Mark E. Morrison, Civil Chief (AUSA)
U.S. Attorney's Office (MDPA)
228 Walnut Street, Harrisburg, PA 17101

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☒ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  Dauphin County Court of Common Plea

DOCKET NUMBER  2013 CV 2962 CV

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No.: 2013·CV·2962·CV |
| v. | : | |
| | : | PRAECIPE FOR |
| Yvette Kane | : | WRIT OF SUMMONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONTARY:

Kindly issue a Writ of Summons in the above-captioned matter, against the

Defendant named therein. Attached hereto, is the individual Writ of Summons, setting

forth, the part Defendant.

April 4, 2013                                Respectfully Submitted,

                                             By: _____
                                                 Stephen G. Conklin
                                                 22 Mairdale Ave.,
                                                 Pittsburgh, Pa. 15214
                                                 (717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No.: 2013·CV·2942·CV |
| v. | : | |
| | : | |
| Yvette Kane | : | WRIT OF SUMMONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

WRIT OF SUMMONS

TO: Yvette Kane;

YOU ARE HEREBY NOTIFIED that Stephen G. Conklin, plaintiff, has commenced an

action against you.

*Stephen E. Farina*

Stephen E. Farina, Prothonotary

Date: _APR 0 4 2013_          BY _Daniel Brown_

Deputy Prothontary

SEAL OF THE COURT

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|                       |            |   |                           |
|-----------------------|------------|---|---------------------------|
| Stephen G. Conklin    |            | : | CIVIL ACTION – LAW        |
|                       | Plaintiff  | : | No.: 2013-CV-2962-CV      |
|                       |            | : |                           |
|                       | v.         | : | EMERGENCY MOTION FOR      |
|                       |            | : | SANCTIONS WITH REQUEST    |
| Yvette Kane           |            | : | FOR HEARING; DISCOVERY    |
|                       | Defendant  | : |                           |
|                       |            | : | JURY TRIAL DEMANDED       |

## ORDER

AND NOW, to wit, this _____ day of _____, upon consideration of

Plaintiff's Emergency Motion for Sanctions, it is hereby ORDERED and DECREED,

that Plaintiff's Emergency Motion is GRANTED.


BY THE COURT:

                          _____ J.

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY MOTION FOR |
| | : | SANCTIONS WITH REQUEST |
| Yvette Kane | : | FOR HEARING; DISCOVERY |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS
WITH REQUEST FOR HEARING; DISCOVERY

NOW COMES, Stephen G. Conklin, Plaintiff in the above-captioned matter,

("Plaintiff") who, for good cause, in accordance with Pa. R.Civ.P ("Rule") 1023.1 et seq.,

together with any additional Rules of Court or law applicable hereto, urgently moves

upon this Court by way of Emergency Motion for Sanctions, pursuant to Rule 1023.2; or,

in the alternative, pursuant to Rule 1023.3, this Court issue a Rule to Show Cause upon

the Defendant and/or her counsel of record, Assistant U.S. Attorney Mark E. Morrison, as

to why sanctions should not be imposed thereupon.

Plaintiff additionally requests a hearing on this matter, pursuant to Local Rule ("LR")

208.3(a)(1)(b)(i), which Plaintiff estimates forty-five (45) minutes or less is and/or will

be required; and, further declares that discovery (LR 208.3(a)(1)(b)(ii)) will be necessary

for purposes of a final and just disposition of Plaintiff's instant motion.

Finally, Plaintiff respectfully entreats this Court to issue a Emergency Stay of all

proceedings, as filed concurrently herewith, and fully incorporated by reference, as if set

forth at length herein, pending a full and just determination of the merits of this motion,

following discovery and hearing. In support of this Motion, Plaintiff states as follows:

1

## STATEMENT OF AUTHORITY

1. This court has [unlimited] original jurisdiction to hear live controversies, pursuant to Pa. Constitution, Article V, Section 5; the powers for which are further enumerated, [generally] pursuant to 42 Pa.C.S. Article 1, Chapter 3, Subchapter B [§ 323] and, as further distilled under Title 42, Article 3, Chapter 9, Subchapter B [§ 912]

2. The instant matter involves an action commenced by Plaintiff on writ of summons that was subsequently, albeit, unlawfully removed by Defendant and thereafter, remanded by the federal court for lack of jurisdiction to this Court.

## SUMMARY OF ISSUES EXIGENTLY PRESENTED

3. For reasons more fully set forth further below, this Emergency Motion for Sanctions is founded on two distinct issues:

    (1) The total lack of authority of the Office of United States Attorney and/or Assistant U.S. Attorney, to act in any capacity on behalf of a private party [Defendant], where no evidence of federal authority, expressed or implied has been, or can be implicated; and,

    (2) Where there exists no evidence that the [unauthorized] procurement by a U.S. Attorney's Office/Assistant U.S. Attorney of a Rule issued by the Prothonotary's office was ever served upon the Plaintiff, as otherwise required.

## EXIGENT CIRCUMSTANCES

4. Plaintiff's Emergency Motion presents exigent circumstances, *infra.*, that urgently seeks to invoke this Court's timely intervention.

5. Plaintiff is only recently in receipt of a Ten Day Notice of Intention (dated October 21, 2013; received, evening of October 23, 2013) by Defendant's unauthorized counsel, as unequivocally sent in his official capacity.

6. Noteworthy, Plaintiff previously served said counsel with a "Safe Harbor" Notice, regarding, *inter alia*, said counsel's [lack of] authority to intervene; as well as the total absence of any jurisdictional prerequisite.[1]

7. Nonetheless, said counsel yet proceeds, with its Notice of Intention, ostensibly predicated upon a Rule issued/stamped/dated by the Prothonotary to file a complaint, that Plaintiff only learned about [following receipt of notice of intention] thus causing Plaintiff to promptly appear on October 24, 2013, in the Prothonotary's Office to obtain a certified copy of the docket.

8. To date, issuance of the <u>Rule has never been served upon Plaintiff</u>.

9. Exigent circumstances exist for this Court to imminently exercise its inherent authority, as it is believed that Defendant, by and through its [unauthorized] counsel fully intends to unlawfully obtain a judgment in *non pros* as of November 1, 2013.

10. Should this unlawful act be allowed to occur, Plaintiff is mindful, pursuant to Rule 1023.2(c), that he will lose his right to motion for sanctions, as, "A motion requesting sanctions under this rule ***shall be filed before the entry of final judgment***."[2] (emphasis added)

---

[1] ..."given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) ***for your exercise of authority*** to have, *inter alia*, either intervened or substituted party-defendant.. (emphasis added)

[2] Entry of judgment on *non pros*, constitutes a final judgment, subject only to the timely filing of a motion to open, or in the alternative, motion to strike, before taking appeal.

11. Moreover, Plaintiff will be further prejudiced by an unlawful entry of *non pros* judgment as it will unnecessarily force Plaintiff to lose both property[3] and time/energy to either Petition to Open or Strike the *non pros* judgment.

12. Additionally, the interests of this Court and respective parties will be far better served by this Court timely exercising its inherent power, thus saving precious time, judicial resources and monies likely to be expended in event this Court declines invitation, [whether by *motion* or this Court's *own initiative*] and the matter is left to post-judgment motions and any appeal(s) arising therefrom.

<u>OPERATIVE FACTS</u>

13. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length, herein.

14. On or about April 4, 2013, Plaintiff commenced an action in this Court, by writ of summons against Yvette Kane, only.

15. On or about May 10, 2013, the Plaintiff provided the Sheriff of Dauphin County a reissued writ for service.

16. Service was perfected by the Sheriff's department on or about May 24, 2013.

17. On or about June 7, 2013, Mark E. Morrison, in his official capacity as Civil Chief/Assistant United States Attorney caused the above-captioned matter, albeit, without jurisdiction or authority, to be promptly removed to federal court.

18. On or about July 8, 2013, Plaintiff filed a motion for remand, with brief in support.

---

[3] Should judgment be entered, Plaintiff will lose, *inter alia*, valuable property, i.e. monies, as Dauphin County requires a fee of one hundred and sixty-two ($162.00) dollars for Petitions to open/strike judgments.

4

19. On or about July 13, 2013, Plaintiff sent a "Safe Harbor" letter, with proof of mailing to Mark E. Morrison. Attached hereto, is a true and correct copy of the foregoing letter, together with proof of mailing, marked as Exhibit "A".

20. Despite Defendant and/or her attorney of record clearly being put on notice, on or about July 25, 2013, Mark E. Morrison, still acting [only] in his official capacity, filed a frivolous response in federal court to Plaintiff's motion for remand.

21. On or about August 27, 2013, the Honorable Timothy J. Savage, as designate-judge for the Eastern District Court, properly remanded defendant's removal action back to this Court, for lack of jurisdiction[4]. Pursuant to Rule 1019(g), Plaintiff hereby incorporates by reference, as a matter of record, Judge Savage's opinion and order, as if it is set forth at length herein.

22. On or about October 23, 2013, Plaintiff, through his attorney, filed a complaint in U.S. District Court for the Middle District of Pennsylvania, against defendant, Yvette Kane, and Mark E. Morrison, together with Peter J. Smith, and Christina Garber, docketed as 1:13-cv-2618.[5] Pursuant to Rule 1019(g) Plaintiff incorporates by reference as a matter of record, the aforesaid complaint, as if it is set forth at length herein.

23. On or about the afternoon of October 23, 2013 (dated October 21, 2013) Plaintiff received a copy of a Notice of Default for failing to file a complaint. This "Notice" is filed on behalf of U.S. Attorney, Peter J. Smith, by Mark E. Morrison,

---

[4] Judge Savage states on pg. 2 fn 1 that: The **defendant** did not file a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P 1037(a). **Had _she_ done so, _she_ would have forced Conklin to state what his claims are and what relief he is seeking.** (emphasis added)

[5] This federal complaint is based on *inter alia*, the unlawfully egregious nature of removal, usurping this Court's inherent authority to the deprivation of Plaintiff's Constitutional rights.

as "Civil Chief/ Assistant U. S. Attorney". Attached hereto, is a true and correct

copy of the foregoing "Notice, marked as Exhibit "B")

24. Alerted, Plaintiff promptly traveled to the Dauphin County's Prothonotary's

office the very next day (October 24, 2013) and procured a certified/stamped copy

of the docket. Attached hereto, is a true and correct copy of the certified docket,

marked as Exhibit "C".

25. Contained within the docket, is an entry of a Rule issued by the Prothonotary's

office, indicating said Rule was issued on or about September 18, 2013.

26. To date, the above Rule, as issued by the office of the Prothonotary, <u>has never</u>

<u>been served</u>, as otherwise required, upon Plaintiff.

27. This emergency motion for sanctions now follows.

<u>SANCTIONS</u>

28. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all

are fully set forth at length herein.

29. Plaintiff is requesting that this Court impose sanctions, either by this Motion, or,

on the Court's own initiative.

30. Rule 1023.2 [Motion for Sanctions] provides in pertinent parts that:

    (a) An application for sanctions under this rule shall be made by motion, shall be
        made separately from other applications and shall and shall describe the
        specific conduct alleged to violate Rule 1023.1(c).
    (b) No such motion shall be filed unless it includes a certification that the
        applicant served written notice and demand to the attorney or pro se party who
        signed or filed the challenged pleading, motion or other paper. The
        certification shall have annexed a copy of that notice and demand, which shall
        identify with specificity each portion of the document which is believed to
        violate the provisions of this rule….

31. The document itself, i.e. removal, was the source sought to be withdrawn; coupled to the fact that counsel lacked any authority (as further set forth below) to act on behalf of the defendant.

32. Be that as it may, to whatever extent (if any) Plaintiff's Emergency Motion for Sanctions does not fully comport procedurally with any requirement(s) as set forth in subsection (b) above, given the extraordinary circumstances involved, Plaintiff, respectfully seeks consideration as a pro se party, and further requests invocation of Rule 126, which provides in pertinent part that:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

33. Plaintiff believes, with respect to this motion, and for reasons more fully set forth below, that the Rules should be liberally construed to secure the "just, speedy and inexpensive determination" of this the instant matter.

34. This is all the more so as, *inter alia*, it is Defendant's Counsel who has unjustly prolonged and increased the cost of this matter – a cost, and prolonging that will inevitably continue, to the prejudice of Plaintiff, without this Court's immediate intervention.

35. In the alternative, and possibly preferable to this Court, Plaintiff seeks this court's consideration of Rule 1023.3, which provides in pertinent part that:

> **On its own initiative**, the court may enter an order describing the specific conduct that appears to violate Rule 1023.1(c) and **directing an attorney, law firm or party _to show cause why it has not violated Rule 1023.1(c)_ with respect thereto**. (emphasis added)

7

36. With the above in mind, Plaintiff turns to Rule 1023.1, entitled, "Scope. Signing

of Documents. Representations to the Court. Violation" stating in pertinent part(s)

that:

(c) The signature of an attorney or pro se party *constitutes a certification that the signatory has read the pleading, motion or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or pro se party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,*

(1) *it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation,*

(2) *the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument* for the extension, modification or reversal of existing law or the establishment of new law,

(3) the factual allegations have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and,

(4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

(d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, *impose an appropriate sanction upon any attorneys*, law firms *and parties that have violated (c) or are responsible for the violation.* (emphasis added)

<u>VIOLATIONS</u>

37. With respect to the foregoing, both defendant Yvette Kane and her attorney of

record, Mark E. Morrison, are, pursuant to Rule 1023.1(d) *directly responsible for*

*the violation*(s), as further set forth below. Moreover, these violations are [an]

ongoing [abuse of process] as of the date of this filing.

38. Both defendant and her attorney of record, knew or should have known, as

seasoned attorneys, that beginning with the removal action commenced by them

8

on or about June 7, 2013 was, *inter alia,* an egregious abuse of process; and, for purposes of this motion, are representative of an ongoing pattern of abuse in violation of Rule(s) 1023.1 *et seq.*, and, Fed.R.Civ.P 11.

39. Nonetheless, said defendant through counsel, commenced removal, in violation of the foregoing Rule(s), for *improper purposes* of *harassing and intimidating* Plaintiff; the latter, causing severe emotional distress[6], by virtue of the enormous, and seemingly unbridled power vested in the U.S. Attorney's office.

40. Further, defendant and her counsel caused *unnecessary delay and needless increase in expense,* without justification; and more importantly, knowingly, or, with such reckless abandon, as seasoned attorneys should have known, there was absolutely no jurisdiction for them to have done so.

41. This *"unnecessary delay and needless increase in expense"* is first evidenced by Defendant/Counsel's usurping this Court's jurisdiction via removal to federal court, where, as the federal court subsequently determined, no jurisdictional basis existed, and continues [as yet unabated] resulting in the instant matter now before this Court.

42. This is yet further exacerbated, from its very incipience, had, as Rule 1023.1 requires, Defendant's counsel, in certifying, had actually made a *"inquiry reasonable under the circumstances"* upon which to base their "knowledge, information and belief" upon.

43. Had either Defendant or her counsel, both, as seasoned attorneys, *actually* done so, [and complied with the law] there simply would be no reason to be here, now.

---

[6] Shortly following removal, Plaintiff became physically ill as a result. Plaintiff yet remains under doctor's care.

44. Despite this, it all is further exacerbated by the fact that Defendant's counsel's

lacked any authority to act on behalf of Defendant.

### A.    Counsel's Lack of Authority to Act on Behalf of Defendant

45. Pursuant to USAM (United States Attorney's Manual) Chapter 3-2.000 et seq., at

all material times relevant hereto, Defendant's counsel of record, Mark E

Morrison, acting solely in his capacity as Assistant U.S. Attorney, is wanton of

any lawful authority, statutorily or otherwise, to act on behalf of Defendant.

46. USAM 3-2.140 states in pertinent part that:

Although the Attorney General has supervision over all litigation *to which the United States or any agency thereof is a party* and has direction of all United States Attorneys, and their assistants, in the discharge of their respective duties…each United States Attorney, within his/her district, has the responsibility and authority to: (a) prosecute for all offenses against the United States; (b) *prosecute or defend, for the government, all civil actions, suits, or proceedings in which the United States is concerned*… By virtue of this *grant of statutory authority and* the practical realities of *representing the United States* throughout the country, United States Attorneys conduct most of the trial work *in which the United States is a party*…(emphasis added)

47. Regarding Assistant U.S. Attorneys 3-2.200-210 states in pertinent part(s) that:

Assistant United States Attorneys are appointed by the Attorney General and may be removed by that official..[and, as to authority] *Assistant United States Attorneys are responsible to the United States Attorney for the performance of duties assigned by that official*. (emphasis added)

48. The above fully comports with federal statute, 28 U.S.C. § 547 entitled Duties

[U.S. Attorneys] as it states in pertinent part that:

Except as otherwise provided by law, each United States attorney, within his district, shall
(1) *prosecute for all defenses against the United States*;

(2) *prosecute or defend, for the government, all civil actions, suits or*

proceedings *in which the United States is concerned*… (emphasis added)

49. Clearly, there is, [save for defendant/counsel's improper inferences], no mention made by Plaintiff, expressed or implied, that the United States is, in any way, a party to Plaintiff' action.

50. In furtherance of the above, this Court need but look at the Honorable Judge, Timothy J. Savage's opinion/order, upon which he remanded back to this Court, Defendant/Counsel's unlawful removal.

51. In furtherance, it behooves this Court, in light of the above, to additionally consider the fact that, (a) Plaintiff had previously served Defendant's counsel with a "safe harbor" notice, demanding the said counsel forthwith withdraw their unlawful removal, further stating that there was, "*absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally, or otherwise) for your <u>exercise of authority</u> to have, inter alia, intervened or substituted party-defendant..*" (emphasis added); and (b) as illustrated by Defendant's/Counsel's Ten Day Notice of Intention , (see Exhibit "B" attached), said counsel continues to represent Defendant in his official capacity (as if still representing the United States) sans any authority, statutorily or otherwise, to do so.

52. Accordingly, for the reasons set forth above, this Court strike off any and all filings submitted on behalf of the Defendant by said counsel, for counsel's, clear and convincing lack of lawful authority to do so.

**B.**     <u>**Failure to Provide Notice**</u>

53. For reasons previously stated above, *Plaintiff was never served with a Rule to file a complaint*, and accordingly, this Court should forthwith *estop* Defendant

and her counsel from seeking any entry of judgment for *non pros* against Plaintiff,

as imminently contemplated.

54. "judgment of non pros" is governed pursuant to Rule1037(a), which states in

pertinent part that:

(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe
of the defendant, shall enter a rule upon the plaintiff to file a complaint. If the
complaint is not filed within twenty (20) days *after service of the rule*, the
prothonotary, upon praecipe of the defendant, shall enter judgment of *non pros*.
(emphasis added)

55. "Service" of a rule to file a complaint is explicitly required by Rule 1037(a).

Noting further:

The Rule provides for the entry of the judgment of non pros by the prothonotary
upon "praecipe" of the defendant. *This, however, cannot be filed until 20 days
after "__service__" of the rule to file the complaint.* Although there is no specific
provision for an affidavit of service, *__it is clear that the defendant will never
succeed in obtaining the entry of judgment without furnishing the prothonotary
with sworn proof of the service of the rule at least 20 days prior to the date he
asks for judgment__*. (emphasis added) 2 Goodrich-Amram 2d § 1037(a):1 Foot
note omitted). Accord 7 Standard Pennsylvania Practice 2d § 39:94

56. Here it is clear, as evidenced by the certified docket attached hereto (Exhibit "C")

there exists no "*sworn proof of the service of the rule at least 20 days prior to*

*the date he asks for judgment*", or for that matter, any date, up to and including

the date of the certified docket (October 24, 2013) a mere week ago.

57. Accordingly, the prothonotary has no authority to entertain entry of a judgment

for *non pros*, because the rule to file a complaint has never been served. See,

*Storm v. Golden*, 338 Pa. Super. 570 (1985) 488 A.2d 39 (Pa. 1985) (holding that,

"prothonotary had no authority to enter judgment of non pros in favor of appellant because the rule to file a complaint was never served on appellee"[7]

58. Plaintiff has been and continues to be harmed by the unlawful actions undertaken by defendant and her attorney of record.

59. Plaintiff will be additionally harmed and prejudiced, incurring yet additional delay and needless expense, should this Court choose not to sanction the defendant/attorney of record for their willfully deliberate and continuing acts.

60. Plaintiff has been deprived of lawful notice, regarding the issuance of a Rule never served upon Plaintiff, and further, by the acts of the Assistant U.S. Attorney, on behalf of the Defendant, sans any lawful authority of said attorney – all of which is to the detriment and expense of the Plaintiff; as well as, the public at large, who has been and will continue to be, forced to foot their bill.

61. Plaintiff believes, if for no other reason, the lack of notice should be sufficient for this Court to promptly act, lest additional harm and injury occur to Plaintiff.

### RELIEF REQUESTED

62. Plaintiff hereby incorporates paragraphs each and every of the preceding paragraphs as if they are all set forth at length herein.

63. Plaintiff is seeking appropriate sanctions against defendant, Yvette Kane, and/or her counsel of record, Assistant U.S. Attorney, Mark E. Morrison.

64. Specifically, Plaintiff requests that:

---

[7] See also Judge Wieand's concurring statement in *Golden supra.* "…I write separately to observe that the *defect in the judgment of non pros in this case was apparent on the face of the record.* More correctly, therefore, the *judgment should have been stricken.*" (emphasis added)

a.  Defendant and/or her counsel of record, be barred from the imminently-anticipated filing of a non pros judgment against Plaintiff, for, *inter alia*, the failure of either the Assistant U.S. Attorney, or Defendant, to provide [as required] Notice of Prothonotary's issuance of Rule upon Plaintiff, and for the inherent lack of lawful authority as otherwise vested in the U.S. Attorney's office, to procure same;

b.  Assistant U.S. Attorney Mark E. Morrison, together with any other person not lawfully authorized, be barred from signing, filing, submitting, or otherwise advocating anything on behalf of a private defendant in this matter;

c.  With respect to the above, the Rule to file complaint as issued by the Prothonotary's office, on or about September 18, 2013 be quashed, or otherwise stricken from the record;

d.  With respect to the above, the Notice of Intention to take judgment, based on an un-served Rule, as mailed on or about October 21, 2013 be quashed, and/or otherwise deemed stricken;

e.  Hereafter, should Defendant, or any lawful private attorney duly authorized on her behalf, seek recourse upon Plaintiff, by virtue of [new] Rule issued to file a complaint, that such praecipe for Rule be filed by either the Defendant, or her private attorney so authorized, and that the same [issued Rule] be actually served upon the Plaintiff;

f.  Relief that this Court, given the unique circumstances, deems sufficient to deter such similar acts from occurring; and/or

14

g.  Any and all additional relief, punitive or otherwise, that this Court deems

just and proper.

65. Plaintiff respectfully requests that this Court, for good cause, grant Plaintiff's

Motion for Sanctions and request for relief, pursuant to Rule 1023.2, or in the

alternative, this Court, on its own initiative, pursuant to Rule 1023.3, issue a Rule

to Show Cause upon Defendant and her counsel of record, as to why sanctions

and relief requested should not be imposed; and further, grant Plaintiff any and all

additional relief, punitive and/or otherwise, as this Court may, given the

extraordinary and egregious nature of their acts, as this Court may deem as just

and proper.


WHEREFORE, in consideration of all of the above, Plaintiff respectfully entreats this

Court to grant Plaintiff, any and all manner of relief consistent with the foregoing.

Respectfully Submitted,


Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY MOTION FOR |
| | : | SANCTIONS WITH REQUEST |
| Yvette Kane | : | FOR HEARING; DISCOVERY |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

### VERIFICATION

I, Stephen G. Conklin, Plaintiff in the above-captioned matter, do hereby aver this 31st day of October, 2013 that the statements made in my Emergency Motion, are true and correct to the best of my knowledge, information and belief. The undersigned acknowledges that this statement is made subject to 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

### CERTIFICATION

I, Stephen G. Conklin do hereby certify this 31st day of October, 2013, that I sent a true and correct copy of my emergency Motion by facsimile to Defendant's counsel (name/address/contact provided on accompanying certificate of service) and as of the time of filing Defendant's counsel concurred/ did not concur/ did not respond to Plaintiff's motion.

1:30pm

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

16

Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

Mark E. Morrison, Assistant U. S. Attorney
c/o Office of U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pa. 17108-1754

July 13, 2013

Re: Removal 1:13-cv-01531-TJS
**Safe Harbor Notice**

Dear Mr. Morrison,

**This Notice** is a request that you promptly withdraw your filing of Removal as indexed above. By now, you are in receipt of my Motion for Remand as accompanied by brief in support thereof. Surely you can see there exists no jurisdictional basis for your having removed my Writ of Summons from the Court of Common Pleas of Dauphin County to the U.S. District Court for the Middle District. The foregoing alone should be more than sufficient cause for you to withdraw your removal.

Further, given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) for your exercise of authority to have, *inter alia,* either intervened or substituted party-defendant; both of which raise additional serious concerns. I believe, under the present set of circumstances, absent jurisdiction, whatever immunity normally that would attach to you, is, at minimum, in dire jeopardy.

Your Notice of Removal is signed/certified pursuant to Fed.R.Civ.P 11. Given the fact that there is/was no lawful basis for your removal, I will be demanding damages in the amount of twenty thousand ($20,000.00) dollars as sanctions for your unlawful act.

In any event sir, you are on due notice and I recommend your guide yourself accordingly.

Respectfully,

_____

Stephen G. Conklin





**UNITED STATES**
**POSTAL SERVICE®**                    **Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing
This form may be used for domestic and international mail

From: Stephen G. Conklin
22 Mairdale St.
Pittsburgh, Pa. 15214

To: Marc E. Morrison
c/o office of U.S. Attorney
228 Walnut St., Suite 220
P.O. Box 11754, Harrisburg, PA. 17108-1754

PS Form **3817**, April 2007  PSN 7530-02-000-9065

HARRISBURG, PA
JUL 13, '13
AMOUNT
$1.20
0006B467-14

1000



**U.S. Department of Justice**
United States Attorneys Office
*Middle District of Pennsylvania*

228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108-1754

Official Business



Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | NO.  2013 CV 2962 CV |
| Plaintiff, | : | |
| v. | : | (          J.) |
| | : | |
| YVETTE KANE | : | CIVIL ACTION - LAW |
| Defendant. | : | |

TO:   Stephen G. Conklin
      22 Mairdale Avenue
      Pittsburgh, PA 15214


Date of Notice:       October 21, 2013

# IMPORTANT NOTICE

**YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO FILE A
COMPLAINT IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS
FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED
AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR
RIGHT TO SUE THE DEFENDANT AND THEREBY LOSE PROPERTY
OR OTHER IMPORTANT RIGHTS.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF
YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU
WITH INFORMATION ABOUT HIRING A LAWYER.**



**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Dauphin County Lawyer Referral Service**
**213 North Front Street**
**Harrisburg, PA 17101**
**(717) 232-7536**

PETER J. SMITH
United States Attorney

MARK E. MORRISON
Civil Chief / Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717) 221-4482
Fax: (717) 221-2246

Date: 10/24/2013 **Dauphin County** User: JMAURER
Time: 01:36 PM Complete Case History
Page 2 of 2 Case: 2013-CV-02962-CV

**Stephen G Conklin vs. Yvette Kane**

**Register of Actions**

| 4/4/2013 | Other Miscellaneous filed. | No Judge, |
|---|---|---|
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA Writ of Summons Issued.  See Praecipe, filed. | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA (AGING PURPOSES - CIVIL ACTION) | No Judge, |
| 5/10/2013 | Writ of Summons Re-Issued.  See Praecipe, filed. | No Judge, |
| 5/24/2013 | Reissued Writ of Summons:  Sheriff's Return filed stating service was completed. So answers J.R. Lotwick, Sheriff. to Yvette Kane on 5/24/2013; Assigned to Dauphin Co Sheriffs Office. Service Fee of $52.00. | No Judge, |
| 6/11/2013 | Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania, filed. | No Judge, |
| | Transferred / Withdrawn ( Civl Other ) | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA ****NO MORE ENTRIES CASE TRANSFERRED**** TO MIDDLE DISTRICT COURT | No Judge, |
| 9/6/2013 | AND NOW, this 27th day of August, 2013, upon consideration of the Plaintiff's Motion for Remand (Document No. 4) and the defendant's response, it is ORDERED that the motion is GRANTED. IT IS FURTHER ORDERED that this action is REMANDED to the state court from which is was removed. See Order & Memorandum Opinion filed. /s/ Timothy J Savage, J | No Judge, |
| 9/18/2013 | Rule is issued upon Plaintiff to file a Complaint within 20 days of service or suffer entry of Judgment of Non Pros. See PRAECIPE, filed. | No Judge, |
| | Defendant: Kane, Yvette Attorney of Record:   Mark E Morrison | No Judge, |

OCT 24 2013

I hereby certify that the foregoing is a
true and correct copy of the original filed.

Prothonotary

*Stephen C. Harina*

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |
|---|---|
| Stephen G. Conklin | : CIVIL ACTION – LAW |
|     Plaintiff | : No.: 2013-CV-2962-CV |
|     v. | : EMERGENCY MOTION FOR |
| | : SANCTIONS WITH REQUEST |
| Yvette Kane | : FOR HEARING; DISCOVERY |
|     Defendant | : |
| | : JURY TRIAL DEMANDED |

## CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 31st day of October, that I filed and thus caused to be served, by hand delivery, my Emergency Motion upon the office of he Court Administrator for the Court of Common Pleas for Dauphin County; and further, caused a true and correct copy of the foregoing motion to be served, by U.S. Mail, postage prepaid, upon Defendant's Counsel as addressed below.

Mark E. Morrison
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108-1754
Fax: (717) 221-2246

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

17

**IMAGED**

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | IN THE COURT OF COMMON PLEAS |
| | : | DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | No. 2013 CV 2962 |
| YVETTE KANE, | : | |
| | : | |
| Defendant | : | CIVIL ACTION - LAW |

## WITHDRAWAL OF APPEARANCE

TO THE PROTHONOTARY:

      Please withdraw the appearance of Mark E. Morrison as counsel for Defendant

Yvette Kane.

Date:  November 14, 2013

Mark E. Morrison (PA 43875)
Assistant US Attorney
Federal Building
228 Walnut Street, Suite 220
Post Office Box 11754
Harrisburg, PA  17108
717-221-4482 (telephone)
717-221-2246 (facsimile)
mark.e.morrison@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, a copy of the foregoing document

was served via U.S. mail, first class postage prepaid, upon the following:

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214

Mark E. Morrison

IMAGED

STEPHEN G. CONKLIN,           :     IN THE COURT OF COMMON PLEAS
                                          :     DAUPHIN COUNTY, PENNSYLVANIA
            Plaintiff          :
                                          :
    vs.                             :
                                          :     No. 2013 CV 2962
YVETTE KANE,                  :
                                          :
            Defendant     :     CIVIL ACTION - LAW

2013 NOV 15  AM 11: 55
DAUPHIN COUNTY
PENNA.

**ENTRY OF APPEARANCE**

TO THE PROTHONOTARY:

      Please enter our appearance for Defendant Yvette Kane.

 

_____
Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
*schmidtt@pepperlaw.com*
*hullt@pepperlaw.com*

Dated: November 15, 2013          Attorneys for Defendant
                                             Yvette Kane

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2013, a copy of the foregoing document was served via U.S. mail, first class postage prepaid, upon the following:

> Mr. Stephen G. Conklin
> 22 Mairdale Street
> Pittsburgh, PA  15214

_____
Thomas B. Schmidt, III

STEPHEN G. CONKLIN,        :   IN THE COURT OF COMMON PLEAS
                       :   DAUPHIN COUNTY, PENNSYLVANIA
        Plaintiff      :
                       :
  vs.                :
                       :   No. 2013 CV 2962
YVETTE KANE,          :
                       :
        Defendant    :   CIVIL ACTION - LAW

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

      Please enter our appearance for Defendant Yvette Kane.


                                _____
                                Thomas B. Schmidt, III (PA 19196)
                                Tucker R. Hull (PA 306426)
                                PEPPER HAMILTON LLP
                                100 Market Street, Suite 200
                                Post Office Box 1181
                                Harrisburg, PA 17108-1181
                                (717) 255-1155
                                (717) 238-0575 Fax
                                *schmidtt@pepperlaw.com*
                                *hullt@pepperlaw.com*

Dated:  November 15, 2013         Attorneys for Defendant
                                Yvette Kane

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2013, a copy of the foregoing document was served via U.S. mail, first class postage prepaid, upon the following:

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214

_____
Thomas B. Schmidt, III

STEPHEN G. CONKLIN,                    :    IN THE COURT OF COMMON PLEAS
                                       :    DAUPHIN COUNTY, PENNSYLVANIA
              Plaintiff                :
                                       :
    vs.                                :
                                       :    No. 2013 CV 2962
YVETTE KANE,                           :
                                       :
              Defendant                :    CIVIL ACTION - LAW


### WITHDRAWAL OF APPEARANCE


TO THE PROTHONOTARY:

        Please withdraw the appearance of Mark E. Morrison as counsel for Defendant

Yvette Kane.


Date:  November 14, 2013           _____
                                   Mark E. Morrison (PA 43875)
                                   Assistant US Attorney
                                   Federal Building
                                   228 Walnut Street, Suite 220
                                   Post Office Box 11754
                                   Harrisburg, PA  17108
                                   717-221-4482 (telephone)
                                   717-221-2246 (facsimile)
                                   mark.e.morrison@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, a copy of the foregoing document was served via U.S. mail, first class postage prepaid, upon the following:

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214

_____
Mark E. Morrison

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | IN THE COURT OF COMMON PLEAS |
| | : | DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | No. 2013 CV 2962 |
| YVETTE KANE, | : | |
| | : | |
| Defendant | : | CIVIL ACTION - LAW |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Please enter our appearance for Defendant Yvette Kane.

_____

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
*schmidtt@pepperlaw.com*
*hullt@pepperlaw.com*

Dated: November 15, 2013

Attorneys for Defendant
Yvette Kane

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2013, a copy of the foregoing document

was served via U.S. mail, first class postage prepaid, upon the following:

>Mr. Stephen G. Conklin
>22 Mairdale Street
>Pittsburgh, PA  15214



_____
Thomas B. Schmidt, III

IMAGED ORIGINAL

Copies Distributed

Date 11-25-13 Mail 4cc

| | |
|---|---|
| STEPHEN G. CONKLIN, | : IN THE COURT OF COMMON PLEAS |
| Plaintiff | : DAUPHIN COUNTY, PENNSYLVANIA |
| | : |
| | : |
| vs. | : NO.  2013-CV-2962 |
| | : |
| | : |
| YVETTE KANE, | : |
| Defendant | : CIVIL ACTION - LAW |

2013 NOV 25  PM 1: 36
DAUPHIN
PENNA

<u>ORDER</u>

AND NOW, this 25th day of November, 2013, upon consideration of Plaintiff's

Emergency Motion for Sanctions with Request for Hearing/Discovery, it is hereby ORDERED

that a hearing in this matter is scheduled for *December 9, 2013 at 11:00 a.m.* in Courtroom No.

2.

BY THE COURT:

_____
Scott Arthur Evans, Judge

Distribution:
Stephen G. Conklin, Esq., 22 Mairdale St., Pittsburgh, PA  15214
Thomas B. Schmidt, III, Esq., 100 Market St., Ste. 200, P.O. Box 1181, Harrisburg, PA  17108
Mark E. Morrison, Esq., 228 Walnut St., Ste. 220, P.O. Box 11754
Chambers of Judge Scott Arthur Evans

Thomas B. Schmidt, III, (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
Attorneys for Defendant

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | IN THE COURT OF COMMON PLEAS |
| | : | DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | |
| vs. | : | No. 2013 CV 2962 |
| | : | |
| YVETTE KANE, | : | |
| | : | |
| Defendant | : | CIVIL ACTION - LAW |

## DEFENDANT'S MOTION TO QUASH PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Yvette Kane,[1] by her undersigned counsel, moves this Court to quash

Plaintiff's Emergency Motion for Sanctions with Request for Hearing; Discovery ("Sanctions

Motion") for lack of jurisdiction. Defendant denies that there is any merit whatsoever to

Plaintiff's Sanctions Motions; even accepting as true Plaintiff's allegations, distinct from his

conclusory assertions, there has been no violation of state or federal rules governing the filing of

signed documents in state or federal courts. But, regardless of the merits, this Court lacks

---

[1] Hon. Yvette Kane is a sitting judge of the United States District Court for the Middle District of Pennsylvania. By filing this motion to quash, Judge Kane does not waive, and hereby reserves, her immunity from suit. *See Mireles v. Waco*, 502 U. S. 9 (1991).

jurisdiction to grant the relief sought by Plaintiff because, as shown below, the filing that is the subject of his Sanctions Motion was made in federal court, not this Court.

### Background

1.      On April 4, 2013, this case was initiated with the filing of a praecipe for a Writ of Summons, which was issued that day.

2.      On May 10, 2013, the Writ of Summons was re-issued.

3.      On May 24, 2013, the Writ of Summons was delivered to the office of the United States Attorney for the Middle District of Pennsylvania, which was authorized to accept service on behalf of Defendant.

4.      On June 11, 2013, pursuant to 28 U.S.C. §§ 1441, 1442 and 1446, a Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania ("Middle District") was filed by Assistant United States Attorney Mark E. Morrison as counsel for Defendant.

5.      Plaintiff filed a motion to remand in the Middle District, which was granted on August 27, 2013, because Hon. Timothy J. Savage[2] concluded that the propriety of removal could not be determined until a complaint is filed by Plaintiff in this action.

6.      On September 18, 2013, following remand, a Rule was issued by this Court directing Plaintiff to file a complaint.

7.      On October 31, 2013, before the Rule was served, Plaintiff filed his Sanctions Motion together with an "Emergency Application for a Stay" pending a hearing on the Sanctions Motion.

---

[2] Judge Savage of the United States District Court for the Eastern District of Pennsylvania was sitting by designation pursuant to 28 U.S.C. § 292(b).

8.      On November 15, 2013, the undersigned counsel entered their appearance for Defendant because Plaintiff has filed a separate action in the Middle District against Defendant, Assistant United States Attorney Morrison, United States Attorney Peter Smith, and a paralegal in the United States Attorney's office, asserting claims directly related to the June removal of this action.

9.      On November 19, 2013, the Rule directing Plaintiff to file a complaint within 20 days or suffer entry of judgment of non pros was served on Plaintiff pursuant to Pa. R.C.P. 440 and 1037.

10.     As of the date of filing this Motion to Quash, Plaintiff has not filed a complaint in this action.

### A Notice of Removal Filed in Federal<br>Court Is Not Subject to Pa. R.C.P. 1023.1 *et seq.*

11.     Plaintiff's Sanctions Motion seeks relief pursuant to Pa. R.C.P. 1023.1 *et seq.*

12.     Plaintiff's Sanctions Motion alleges that the removal of this action to the Middle District by Defendant's former counsel Assistant United States Attorney Morrison was done for the improper purpose of harassing and intimidating Plaintiff.  (Sanctions Motion, ¶¶ 37-41).[3]

13.     Rule 1023.1 only applies to documents filed in state court proceedings. Pa. R.C.P. 1023.1(b).

14.     Rule 1023.1(b) states in relevant part that:

---

[3] While the Sanctions Motion raised other issues (Sanctions Motion, ¶ 64), those issues are now moot due to intervening events.  Specifically, Assistant United States Attorney Morrison has withdrawn his appearance on behalf of Defendant and undersigned counsel have replaced him.  Additionally, no default judgment was entered, and undersigned counsel served Plaintiff with a Rule to file a complaint on November 19, 2013.

(b) Every pleading, written motion, and other paper **directed to the court** shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . .

*Id.* (emphasis added).

15.     Because the Notice of Removal was not filed in state court, Rule 1023.1 does not apply.

16.     Because the Notice of Removal is not subject to Rule 1023.1, this Court lacks jurisdiction to impose sanctions on Defendant's former counsel and the Sanctions Motion should be quashed.

### This Court Lacks Jurisdiction to Consider Whether Sanctions are Appropriate for Improper Removal

17.     The Notice of Removal was filed in federal court pursuant to 28 U.S.C. §§ 1441, 1442 and 1446.

18.     28 U.S.C. §1446(a) states in relevant part that:

[a] defendant or defendants desiring to remove any civil action or criminal prosecution from state court shall file in the district court of the United States for the district and division within such action is pending a notice of removal **signed pursuant to Rule 11 of the Federal Rules of Civil Procedure** and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

*Id.* (emphasis added).

19.     Fed. R. Civ. P. 11 provides that:

(a) Signature.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . .

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies.

-4-

**(c) Sanctions.**
    **(1) *In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction. . . .

20.     Because the Notice of Removal was filed in the United States District Court for the Middle District of Pennsylvania and is subject to Fed R. Civ. P. 11, jurisdiction to impose sanctions for the filing belongs to the Middle District. *See e.g. Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 841 (1st Cir. 1990) ("even after a federal district court determines that it lacks jurisdiction of a case, it retains jurisdiction to consider whether it process was abused during the course of that determination."); *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 603 (1st Cir. 1988) (explaining that even after remand, a federal court has the jurisdiction to punish with sanctions for the abuse of its process); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1172 (5th Cir. 1988) ("we and the district court retain jurisdiction over the Rule 11 aspect of this case, even though we have held that removal was improper").

21.     The Middle District has jurisdiction, and this Court does not have jurisdiction, to determine whether sanctions are appropriate for the filing of the Notice of Removal.

22.     Oral argument on this Motion is hereby requested. Undersigned counsel anticipates that argument will take no longer than 30 minutes.

23.     No discovery is necessary on this Motion.

WHEREFORE, Defendant Yvette Kane requests that this Court quash Plaintiff's Sanctions Motion for lack of jurisdiction.

Respectfully submitted,

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
*schmidtt@pepperlaw.com*
*hullt@pepperlaw.com*

Dated: December 4, 2013                *Attorneys for Defendant Yvette Kane*

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

Undersigned counsel certifies that he notified Plaintiff by voicemail of Defendant's intent to file this Motion to Quash but received no response from Plaintiff regarding his concurrence/non-concurrence.  Undersigned counsel assumes based on the responsive nature of this Motion to Quash and the lack of response from Plaintiff that Plaintiff does not concur in this Motion.

Tucker R. Hull (PA 306426)

## CERTIFICATE OF SERVICE

I, Tucker R. Hull, hereby certify that on December 4, 2013, a copy of the foregoing Defendant's Motion to Quash Plaintiff's Motion for Sanctions was served via U.S. Mail, First Class, postage prepaid, and by FedEx Overnight Delivery, signature not required, upon the following:

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214

Tucker R. Hull (PA 306426)

Thomas B. Schmidt, III, (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
Attorneys for Defendant

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | IN THE COURT OF COMMON PLEAS |
| | : | DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | |
| vs. | : | No. 2013 CV 2962 |
| | : | |
| YVETTE KANE, | : | |
| | : | |
| Defendant | : | CIVIL ACTION - LAW |

## DEFENDANT'S MOTION TO QUASH PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Yvette Kane,[1] by her undersigned counsel, moves this Court to quash

Plaintiff's Emergency Motion for Sanctions with Request for Hearing; Discovery ("Sanctions

Motion") for lack of jurisdiction. Defendant denies that there is any merit whatsoever to

Plaintiff's Sanctions Motions; even accepting as true Plaintiff's allegations, distinct from his

conclusory assertions, there has been no violation of state or federal rules governing the filing of

signed documents in state or federal courts. But, regardless of the merits, this Court lacks

---

[1] Hon. Yvette Kane is a sitting judge of the United States District Court for the Middle District of Pennsylvania. By filing this motion to quash, Judge Kane does not waive, and hereby reserves, her immunity from suit. *See Mireles v. Waco*, 502 U. S. 9 (1991).

jurisdiction to grant the relief sought by Plaintiff because, as shown below, the filing that is the subject of his Sanctions Motion was made in federal court, not this Court.

## Background

1.  On April 4, 2013, this case was initiated with the filing of a praecipe for a Writ of Summons, which was issued that day.

2.  On May 10, 2013, the Writ of Summons was re-issued.

3.  On May 24, 2013, the Writ of Summons was delivered to the office of the United States Attorney for the Middle District of Pennsylvania, which was authorized to accept service on behalf of Defendant.

4.  On June 11, 2013, pursuant to 28 U.S.C. §§ 1441, 1442 and 1446, a Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania ("Middle District") was filed by Assistant United States Attorney Mark E. Morrison as counsel for Defendant.

5.  Plaintiff filed a motion to remand in the Middle District, which was granted on August 27, 2013, because Hon. Timothy J. Savage[2] concluded that the propriety of removal could not be determined until a complaint is filed by Plaintiff in this action.

6.  On September 18, 2013, following remand, a Rule was issued by this Court directing Plaintiff to file a complaint.

7.   On October 31, 2013, before the Rule was served, Plaintiff filed his Sanctions Motion together with an "Emergency Application for a Stay" pending a hearing on the Sanctions Motion.

---

[2] Judge Savage of the United States District Court for the Eastern District of Pennsylvania was sitting by designation pursuant to 28 U.S.C. § 292(b).

8.      On November 15, 2013, the undersigned counsel entered their appearance for Defendant because Plaintiff has filed a separate action in the Middle District against Defendant, Assistant United States Attorney Morrison, United States Attorney Peter Smith, and a paralegal in the United States Attorney's office, asserting claims directly related to the June removal of this action.

9.      On November 19, 2013, the Rule directing Plaintiff to file a complaint within 20 days or suffer entry of judgment of non pros was served on Plaintiff pursuant to Pa. R.C.P. 440 and 1037.

10.      As of the date of filing this Motion to Quash, Plaintiff has not filed a complaint in this action.

### A Notice of Removal Filed in Federal Court Is Not Subject to Pa. R.C.P. 1023.1 *et seq.*

11.      Plaintiff's Sanctions Motion seeks relief pursuant to Pa. R.C.P. 1023.1 *et seq.*

12.      Plaintiff's Sanctions Motion alleges that the removal of this action to the Middle District by Defendant's former counsel Assistant United States Attorney Morrison was done for the improper purpose of harassing and intimidating Plaintiff.  (Sanctions Motion, ¶¶ 37-41).[3]

13.      Rule 1023.1 only applies to documents filed in state court proceedings. Pa. R.C.P. 1023.1(b).

14.      Rule 1023.1(b) states in relevant part that:

---

[3] While the Sanctions Motion raised other issues (Sanctions Motion, ¶ 64), those issues are now moot due to intervening events.  Specifically, Assistant United States Attorney Morrison has withdrawn his appearance on behalf of Defendant and undersigned counsel have replaced him.  Additionally, no default judgment was entered, and undersigned counsel served Plaintiff with a Rule to file a complaint on November 19, 2013.

(b) Every pleading, written motion, and other paper **directed to the court** shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . .

*Id.* (emphasis added).

15.     Because the Notice of Removal was not filed in state court, Rule 1023.1 does not apply.

16.     Because the Notice of Removal is not subject to Rule 1023.1, this Court lacks jurisdiction to impose sanctions on Defendant's former counsel and the Sanctions Motion should be quashed.

### This Court Lacks Jurisdiction to Consider Whether Sanctions are Appropriate for Improper Removal

17.     The Notice of Removal was filed in federal court pursuant to 28 U.S.C. §§ 1441, 1442 and 1446.

18.     28 U.S.C. §1446(a) states in relevant part that:

[a] defendant or defendants desiring to remove any civil action or criminal prosecution from state court shall file in the district court of the United States for the district and division within such action is pending a notice of removal **signed pursuant to Rule 11 of the Federal Rules of Civil Procedure** and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

*Id.* (emphasis added).

19.     Fed. R. Civ. P. 11 provides that:

**(a) Signature**.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . .

**(b) Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies.

**(c) Sanctions.**

(1) ***In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction. . . .

20.     Because the Notice of Removal was filed in the United States District Court for the Middle District of Pennsylvania and is subject to Fed R. Civ. P. 11, jurisdiction to impose sanctions for the filing belongs to the Middle District. *See e.g. Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 841 (1st Cir. 1990) ("even after a federal district court determines that it lacks jurisdiction of a case, it retains jurisdiction to consider whether it process was abused during the course of that determination."); *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 603 (1st Cir. 1988) (explaining that even after remand, a federal court has the jurisdiction to punish with sanctions for the abuse of its process); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1172 (5th Cir. 1988) ("we and the district court retain jurisdiction over the Rule 11 aspect of this case, even though we have held that removal was improper").

21.     The Middle District has jurisdiction, and this Court does not have jurisdiction, to determine whether sanctions are appropriate for the filing of the Notice of Removal.

22.     Oral argument on this Motion is hereby requested.  Undersigned counsel anticipates that argument will take no longer than 30 minutes.

23.     No discovery is necessary on this Motion.

WHEREFORE, Defendant Yvette Kane requests that this Court quash Plaintiff's Sanctions Motion for lack of jurisdiction.

Respectfully submitted,

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
*schmidtt@pepperlaw.com*
*hullt@pepperlaw.com*

Dated: December 4, 2013                    *Attorneys for Defendant Yvette Kane*

-6-